Melvin C. FOSTER and Elda A. Foster,
Respondents,

v.

Joseph Frank ROSETTA, Appellant.

No. 53939.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

Lusser, Hughes & Lusser, Rene J. Lusser, Rene E. Lusser, St. Louis, for plaintiffs-respondents.

F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for defendant-appellant.

HIGGINS, Commissioner.

Action by Melvin C. Foster in Count I for $65,000 damages for personal injuries and property loss, and by Elda A. Foster, his wife, in Count II for $15,000 damages for loss of consortium and services as a result of her husband's personal injuries. A jury awarded Melvin C. Foster $9,000 for personal injuries and nothing for property damage, and found for defendant on Mrs. Foster's claim for loss of consortium and services. Plaintiffs' motions for new trial were sustained and they were awarded new trials on all issues.

On July 11, 1966, Melvin Foster, a 66-year-old retired railroad man, was operating his 1959 Studebaker automobile westbound in the right or outside lane of three westbound lanes of Interstate Highway 70

and was struck from the rear by an automobile operated by Joseph Frank Rosetta.

The impact caused Mr. Foster to lose control of his vehicle, broke the front seat loose, and threw his body forward into the steering wheel and his head into and through the windshield. His head was cut and bleeding and his right ankle and foot bones were broken and displaced. ·

He was taken by ambulance to Homer G. Phillips Hospital where his forehead was sutured and, after some manipulation, a temporary splint was applied to his right leg. This hospital described Mr. Foster's injuries as an "irregular, ragged, badly traumatized laceration extending transversely across the forehead from the lateral side of the eyelid on the left to the corresponding extent on the right. The laceration extends through all layers of the frontal scalp * * * (and) deviation of the right foot in a bizarre fashion * * the bone and muscle and blood vessels present" through the laceration on the lateral half of the right ankle. He was transferred by ambulance to St. John's Hospital for treatment where he remained for sixteen days.

While at St. John's he was under the care of Dr. D. Elliott O'Reilly, an orthopedist. Dr. O'Reilly reduced the fractures and applied a cast to the right leg below the knee. Mr. Foster wore the cast for five and a half months after which a shorter cast was applied for another six to eight weeks. He used crutches for three months and a cane until late June, 1967. From then until late September, 1967, he averaged two to three whirlpool bath therapy treatments per week at Missouri Pacific Hospital. Dr. O'Reilly's findings in the operating room at St. John's were a displaced break of the tibia on the inside at the ankle (malleolus); displacement of the talus out of the ankle joint at a 90-degree angle, with a dislocation from the heel bone and the rest of the foot bones; break in back of the talus towards the heel; other breaks; tearing of the joint capsule and all ligamentous structure surrounding these fractures and dislocations.

Mr. Foster also had discomfort in his stomach, chest, arm and shoulder, dizzy spells and memory impairment as a result of the collision.

At trial he had a pulling and burning sensation in the forehead scar area. The sensation recurred every few days and sometimes lasted for several days. His leg injury gave continuous pain, kept him awake at night, and his foot and ankle remained swollen. He can no longer pursue his hobby of hunting, he cannot drive, and no longer attends sporting events, conventions, or any activity which would subject him to being jostled by crowds. He had difficulty climbing steps. He had hospital and doctor bills and other special damages in excess of $1,800, and the difference in value of his automobile before and after the collision was $650. He was to assume a job with his son on the day of the accident for which he was to have been paid $400 per month but, due to his injuries, has not been able to work. He was under the care of Dr. O'Reilly at time of trial for swelling and continued discomfort of his foot and ankle. X-ray films taken less than a month prior to trial showed spur formations not present before the collision. They also showed continued irregularity of the talus at the fracture site and irreparable degeneration of cartilege in the ankle joint space. Dr. O'Reilly advised Mr. Foster to avoid activities which would expose his ankle to further injury. Future surgery could not be ruled out. Mr. Foster's life expectancy was 11.8 years.

Mrs. Foster, Melvin's wife for 19 years, visited her husband in the hospital and, at home, "almost had to take care of him like a nurse, had to give him his bath, tend to his urine bottle back and forth, and his food, and just almost a nursing job." She cleaned his forehead with cotton and medication. She was forced to leave the marital bed and bedroom because she could

not rest with her husband for fear of hurting his leg. Her husband was restless. She does all the driving now, and all activities they enjoyed together have been curtailed. They no longer go out socially together to ball games, vacations, and conventions.

Appellant tacitly concedes, as he must, that Mr. Foster made a submissible case, but he contends that the trial court erred in awarding him a new trial because the grounds specified are without merit.

■ Among the grounds specified were three which appellant concedes amount to the trial court finding that the award to Mr. Foster was inadequate. An award of a new trial on that ground is a ruling that the verdict is against the weight of the evidence and is peculiarly within the sound discretion of the trial court, which may weigh the evidence, a function not permitted appellate courts in review of jury-tried cases. Plas-Chem Corporation v. Solmica, Inc., Mo., 434 S.W.2d 522, 527[1, 2], McCarty v. St. Louis Transit Co., 192 Mo. 396, 91 S.W. 132, 133, and, on property damage specifically, see Carnell v. Dairyman's Supply Co., Mo., 421 S.W.2d 775, 779[9–11]. This is so notwithstanding an appellate court might reach a different conclusion if it could weigh the evidence, and the appellate court does not interfere with rulings of this nature where the trial court has exercised a sound judicial discretion and the ruling is supported, as the statement demonstrates, by substantial evidence. McFarland v. Wildhaber, Mo., 334 S.W.2d 1, 4[9].

In an attempt to meet his burden of rebutting the presumption of the correctness of the trial court's ruling, Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73, 79 [14], appellant cites Pritchard v. Hewitt, 91 Mo. 547, 4 S.W. 437, Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618, Dickson v. Beemer, Mo., 217 S.W.2d 515, and Thomas v. Jones, Mo., 409 S.W.2d 131, none of which is in point because in all of them the trial court had refused to interfere with the verdict and the appellate court was asked to do so, which is not the posture of this case. Sofian v. Douglas, 324 Mo. 258, 23 S.W.2d 126, 129[3, 4]; Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157, 158–159[2–6].

Appellant contends also that the grounds upon which Mrs. Foster was awarded a new trial are without merit.

■ Among the grounds specified for granting Mrs. Foster a new trial was No. 10: "Because the verdict of the jury failing to provide an award to the plaintiff, Elda Foster, for her consequential damages, and in fact finding in favor of the defendant, Joseph Rosetta, on Count II of this cause of action, although said consequential damages were clearly supported and established by the uncontradicted testimony of the plaintiff, Elda Foster, was inconsistent, contradictory, incorrect, and void."

Mrs. Foster adduced undisputed evidence of her loss of consortium and services which placed the award to her of a new trial within the rule of Manley v. Horton, Mo., 414 S.W.2d 254. Under the requirement of Civil Rule 66.01, V.A.M.R., Earl Manley sought recovery for injuries in Count 1 of a joint petition, and his wife, Sylvia, sued for loss of consortium in Count 2. Earl Manley had a verdict against Horton but the jury found against Sylvia on Count 2. Sylvia was denied a new trial on the inconsistent verdict and on appeal contended the court erred in denying her a new trial because her evidence of loss of consortium was undisputed and the jury found that her husband had suffered a substantial injury. The court held, 414 S.W.2d l.c. 261[16], that where a verdict is rendered in favor of one spouse in a personal injury action, a verdict against the other spouse in the jointly-tried (as required by Rule 66.01) action for loss of consortium would be set aside because of its inconsistency, and a new trial granted. Accordingly, in this

case it would have been reversible error if a new trial had not been awarded on ground 10.

Nichols v. Blake, Mo., 418 S.W.2d 188, is not in point because it was not tried under Civil Rule 66.01 as amended effective July 1, 1965. Carnell v. Dairyman's Supply Co., supra, also cited by appellant, held only that it was error to award a wife a new trial on her cause for loss of consortium on the ground the verdict against her was inadequate and against the weight of the evidence when there was no evidence of any interference with or impairment of the relations between Mrs. Carnell and her husband, 421 S.W.2d l.c. 778[7], a situation diametrically different from that presented by Mrs. Foster's undisputed evidence of services and of interference with and impairment of the marital relation between her and Mr. Foster.

The order awarding new trials to plaintiffs also specified grounds involving accuracy of instructions. Discussion of those grounds is not necessary to disposition of this appeal; however, upon retrial it would be well to consider what has been said about the instructions in these briefs and to recheck them with M.A.I.

Judgment awarding new trials affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

STORCKMAN, J., HENLEY, Alternate Judge, and SEMPLE, Special Judge, concur.

SEILER, P. J., not sitting.

HOLMAN, J., not sitting when cause was submitted.