Orval **SLUSHER**, Conservator of the estate
and person of Wanda Slusher, and
Orval Slusher, Respondents,

v.

**UNITED ELECTRIC COAL COMPANIES,**
a Corporation, Appellant.

No. 54435.

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

Orville Richardson, Hullverson, Richardson & Hullverson, St. Louis, for respondents.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Gray & Friedman, St. Louis, for defendant-appellant.

HIGGINS, Commissioner.

Action by Wanda Slusher in Count I for $500,000 damages for personal injuries, and by Orval Slusher, her husband, in Count II for $300,000 damages for loss of consortium, services, and medical expense as a result of his wife's personal injuries. A

jury awarded Wanda Slusher $50,000 and Orval Slusher $125,000. The trial court, upon timely motions for new trial, awarded a new trial to Wanda Slusher on grounds "verdict is against the law and the weight of evidence and that the verdict is grossly inadequate," and to Orval Slusher on grounds "verdict is against the law and weight of the evidence in that the verdict is grossly inadequate." This court, upon application of Orval Slusher, substituted Orval Slusher, Conservator of the estate and person of Wanda Slusher, for Wanda Slusher as plaintiff-respondent.

Both new trials were awarded as to damages only, and appellant makes no charge of error with respect to that limitation. Its sole contention is that the award of new trials for the quoted reasons was an abuse of the trial court's discretion.

■ There can be no doubt that the quoted grounds constitute a ruling that the verdicts were against the weight of the evidence, a ruling peculiarly within the discretion of the trial court, which may weigh the evidence, a function not permitted the appellate court in the posture of this case. Plas-Chem Corp. v. Solmica, Inc., Mo., 434 S.W.2d 522, 527 [1–6]; Foster v. Rosetta, Mo., 443 S.W.2d 183, 185 [1–3]. The ruling can be reviewed to determine whether, as contended by appellant, the trial court abused its discretion, and, in this case, the issue then becomes not whether the evidence shows adequate verdicts but, rather, whether there was evidence to support the judgment of the trial court that the verdicts were inadequate. Ray v. Bartolotta, Mo., 408 S.W.2d 838, 840 [4]; Underwood v. Brockmeyer, Mo., 318 S.W.2d 192, 194 [5]; Clark v. Quality Dairy Co., Mo., 400 S.W.2d 78.

On October 13, 1967, Wanda Slusher was riding as a guest in an automobile being driven eastwardly on Highway 152 between Pinckneyville and DuQuoin in Perry County, Illinois, when it came into collision with a tractor-trailer owned, operated, managed, and controlled by appellant as it crossed said highway going southwardly on appellant's private road known as Coal Mine Haulage Road.

■ Mrs. Slusher was 39 years old at trial, September 9, 1968, and was married to Orval Slusher, 46 years of age. She had been employed by Pinckneyville Community Consolidated School after completing a 4-year course and receiving a Bachelor of Science degree at Southern Illinois University in 1966. She was in good health and had just begun her second year of teaching at $5,700 per year. Her 1968 salary would have been $5,900, her 1969 salary $6,200, and she would have received increases of $200 per year up to 8 years' experience. She had a 25-year work expectancy to age 65 and her life expectancy prior to injury was 38 years. Mrs. Slusher's injury was diagnosed as permanent brain stem injury. She will never regain consciousness and her brain is atrophied rendering her unable to speak or to care for herself. Without complete medical and nursing care she will die, but with care she may live out her life expectancy. Her neurosurgeon knew of no surgical relief for his patient and felt that with the type care she was receiving, she would live 15 to 20 years. The dangers to her life are infections of the lungs and urinary tract, difficulty in swallowing, and nutrition. One of her physicians described her condition as decerebrate rigidity. Bills totaling $16,312 had been incurred as of trial time for medical services; her nursing care currently costs $750 per month; and she will have a doctor bill of $100 per month.

■ Defendant's own calculations of Mrs. Slusher's wage loss, utilizing past wage loss at $5,700 and future wage losses (present value of $7,200 per year average for 25 years at 6% = $92,037) totaled $97,737, a figure nearly twice the jury's award to her for damages. Plaintiffs' evidence utilizing past wage loss, $5,700, and future wage losses (present value of $8,500 per year average for 25 years at 4% = $132,787) totaled $138,487, a sum approach-

ing three times the jury's award. In addition, the evidence showed serious permanent injury, aside from wage loss and conscious pain and suffering, which a jury would and should consider in assessing her right of full compensation. Moss v. Mindlin's Inc., Mo., 301 S.W.2d 761, 769; Meierotto v. Thompson, 356 Mo. 32, 201 S.W.2d 161, 167; Craton v. Huntzinger, Mo., 187 S.W. 48, 53. Such evidence is sufficient to support the trial judge's discretionary ruling that Mrs. Slusher's verdict was inadequate and, thus supported, the ruling may not be set aside as an abuse of discretion. Dean v. Young, Mo., 396 S.W.2d 549, presents some similarity in that a $390,000 verdict was reduced to $250,000 and permitted to stand under the "rule of uniformity" for a 33-year-old plaintiff with paralysis of his lower body, earning $7,800 to $12,000 per year, who had medical expense of $10,000 with further expense of $1,000 per year, and who could work as a car salesman and enjoy life to some extent, functions no longer permitted Mrs. Slusher.

◼ Plaintiffs' evidence also showed that Mr. Slusher had incurred past medical expense of $16,000 and would have future medical expense (present value of $13,000 per year for 15 years at 4% = $144,534), a total of $160,534 for medical expense alone, exceeding the jury award to him for medical expense and loss of consortium of $125,000 by more than $35,000. Defendant calculated past medical expense at $16,000 plus future medical expense (present value of $11,000 per year for 5 years at 6% = $46,332), a total of $62,332, to which a jury would properly add damages for loss of services and consortium in arriving at full compensation. Craton v. Huntzinger, supra. Thus it may be seen that on plaintiffs' evidence the verdict of $125,000 is inadequate to cover medical expense alone. It is also noted that defendant's figure takes into account only its own evidence of life expectancy as opposed to the figure more favorable to plaintiffs of 15 years and it, too, does not evaluate loss of consortium. Again, under such evidence it may not be said that the trial court abused its discretion in awarding Orval Slusher a new trial on the inadequacy of his damages.

The rule of Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618, cited by appellant, is not applicable because in that case the trial court had refused to exercise its discretion and to interfere with the verdict and the appellate court was asked to do so, in which case a different rules applies. Foster v. Rosetta, supra, 443 S.W.2d l. c. 185. Such is not the posture of this case.

Judgment awarding new trials affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., BARDGETT, J., and CORNING, Special Judge, concur.

HOLMAN, J., not sitting.