**Arthur Lee GOODIN, Plaintiff-Respondent,**

v.

**Belinda Carolyn MAY, Defendant-Appellant.**

No. 9050.

Springfield Court of Appeals,
Missouri.

Dec. 6, 1971.

Albert G. Tindall, L. D. Joslyn, Joslyn &
Joslyn, W. Clifton Banta, Jr., Charleston,
for plaintiff-respondent.

Donald P. Thomasson, Jackson, Thomasson, Dickerson & Gilbert, Cape Girardeau,
for defendant-appellant.

TITUS, Presiding Judge.

On December 7, 1967, plaintiff was
stopped at a Charleston intersection with
vehicles fore and aft, when defendant
drove against the hind car and propelled it
into collision with plaintiff's automobile.
Plaintiff, a 50-year-old county clerk and
farmer, contended this unexpected rear end
collision caused him to suffer a flexion-extension (whiplash) injury to his neck. At

**34**

the April 15, 1970, trial, defendant admitted responsibility for the casualty, the jury was charged in the words of MAI 31.07, and a $4,000 verdict was returned. Defendant appeals from the trial court's order granting plaintiff a new trial. V.A.M.S. § 512.020. The trial court recorded three grounds for its action (V.A.M.R. Civil Rule 78.01), but it is necessary we consider only its declaration that the verdict was inadequate.

Plaintiff's two testifying doctors described his injury as a "cervical strain" which produced a "stretching or tearing of the ligaments and the musculature in the neck . . . to the extent that probably some of the muscle fibers were replaced by fibrous tissues"; this, they assured, would cause pain and disability. Defendant's testifying doctor agreed with plaintiff's physicians that plaintiff had 50 percent loss of motion in his neck; the doctors for plaintiff opined this resulted from the 1967 accident and was permanent. Plaintiff testified to the usual symptoms associated with a whiplash injury and stated that despite treatment and medication, the syndrome persisted during the two years and four months which intervened between the accident and trial. After the casualty plaintiff wore a steel cervical brace for six weeks to two months and, thereafter, until the summer of 1968, used other types of neck collars that were also prescribed by his family physician. In July 1969 he acquired a home traction kit, as recommended by an orthopedic surgeon, and subsequently used it three times daily. Plaintiff recalled a similar injury received by him in 1945 which had remained symptomatic for 18 or 20 years but which, so he said, had become asymptomatic "within two or three years before this wreck on December 7th, 1967." Corroborated in varying degrees by family members and friends, plaintiff asserted he was unable, because of the last injury, to operate a farm tractor, ride in a pickup truck, or engage in hunting, horseback riding, swimming or water skiing, all of which he had done before the accident without distress or physical limitation. One physician stated the injury caused by the 1967 collision "would limit [plaintiff's] activity. Anything that would produce a jarring of his neck would be painful, and it would certainly limit what he could do as far as driving farm equipment and riding horses and so on." Plaintiff's medical expenses were $350.51 and he claimed that during the two years following the accident he had expended $3,909.29 for farm labor made necessary because of his 1967 injuries.

A trial court's order for a new trial because of an inadequate verdict, is tantamount to a ruling that the verdict is against the weight of the evidence. Slusher v. United Electric Coal Companies, Mo., 456 S.W.2d 339, 340; Foster v. Rosetta, Mo., 443 S.W.2d 183, 185(1). Such a ruling is peculiarly within the sound discretion of the trial court [Union Electric Company of Missouri v. McNulty, Mo., 344 S.W.2d 37, 39(1)], which is afforded considerable freedom in deciding whether or not to grant one new trial on that ground. Underwood v. Brockmeyer, Mo., 318 S.W. 2d 192, 193(2); V.A.M.R. Civil Rule 78.01. An order by the trial court granting a new trial because the verdict is against the weight of the evidence is presumptively correct [State ex rel. State Highway Commission v. Vaught, Mo., 400 S.W.2d 153, 155(2)], and, as one authority puts it, an appellate court "is powerless to interfere with that ruling because it has no authority to pass upon the weight of the evidence." Plas-Chem Corporation v. Solmica, Inc., Mo., 434 S.W.2d 522, 527(3).[1] More conservative writers state that an appellate court will be liberal in upholding the trial court's granting of a new trial on the ground that the verdict is inadequate [Wormington v. City of Overland, Mo.

---

1. If taken literally, this statement would have the effect of obviating the right to appeal under § 512.020, supra, "from any order granting a new trial" because the verdict was against the weight of the evidence.

App., 224 S.W.2d 590, 591(2)], "and the action of the trial court will not be disturbed on appeal where the reviewing tribunal, *not weighing the evidence but viewing the record in the light most favorable to sustention of the order*, finds reasonable and substantial support for the ruling nisi." Moore v. Glasgow, Mo.App., 366 S.W.2d 475, 481–482(7). Or stated otherwise, "our province on review is to ascertain whether there was substantial evidence to support the trial court's order. And in such inquiry we should look to the evidence most favorable to sustention of that ruling, disregarding the testimony favorable to [defendant] unless it aids the successful movant." Land Clearance for Redevelopment Authority of City of Joplin v. Joplin Union Depot Co., Mo.App., 429 S.W.2d 806, 809–810(7–9), and cases there cited in notes 6 to 9.

■ In her brief, defendant says the trial court erred in holding the damages inadequate because "the record shows no evidence of bias or prejudice to plaintiff, and there is no substantial evidence to support the trial court's action in disturbing the jury's award." To this point, defendant cites cases [2] which relate the general propositions that determination of damages is primarily for the jury, that a reviewing court will not set aside a verdict unless there is something substantial to show prejudice or passion on the part of the jury or that the award is grossly inadequate, and that when the trial court affirms the amount of damages by overruling the new trial motion, an appellate court will review the record to see if there was substantial evidence to support the verdict. Defendant's listed citations involve appeals where the court nisi, by denying the motion for a new trial, tacitly agreed the amount of the verdict was correct and appellant was beseeching the reviewing tribunal to overrule the trial judge

and order a new trial. Of course, the present appeal reaches us in a different package and the authorities herein cited by us require the application of wrappings unlike those noted by the defendant. Steuernagel v. St. Louis Public Service Co., 361 Mo. (banc) 1066, 1074, 238 S.W.2d 426, 430–431. Defendant acknowledges the difference, but argues to the effect, nevertheless, that in cases of this kind, an appellate court should reverse an order for a new trial whenever there is substantial evidence to support the verdict; the argument additionally suggests that unless this is done it is impossible for a reviewing court to exercise any control over the discretion employed by the trial court and, as a matter of practice, if such an "approach is not substantially followed, incongruous results would follow." Arguments akin to these were advanced and rejected in Clark v. Quality Dairy Company, Mo., 400 S.W.2d 78, 79–83, which reexamined and reaffirmed the rationale of extending wide discretion to the trial court in granting one new trial on the ground the verdict was against the weight of the evidence. The Missouri policy is predicated upon the inappropriateness of appellate courts to weigh the evidence, and it may be that some misunderstandings occur because of unnecessary forays into semasiology. In the final analysis, whether an appeal follows the denial or granting of a motion for a new trial, the ultimate function of the reviewing court is to determine if the trial court's order was proper. In other words, if the motion for new trial is overruled, the appellate court decides whether the trial court's order was correct by ascertaining if there was substantial evidence to support the verdict which the trial judge, by his order, has approved; if the motion has been sustained, the inquiry is similarly directed to deciding the correctness vel non of the trial court's ruling and, in either event, the final appellate duty is to view

---

2. Spica v. McDonald, Mo., 334 S.W.2d 365, 368(1–2); Donahoo v. Illinois Terminal Railroad Company, Mo., 300 S.W. 2d 461, 469(10); Wilhelm v. Kansas City Public Service Co., 358 Mo. 6, 11, 212 S.W.2d 915, 918(4); Dickson v. Beemer, Mo., 217 S.W.2d 515, 518(4).

the evidence in the light most favorable to the order made.

In arguing that the verdict was adequate, defendant urges us to consider that plaintiff expended more for farm labor in the two years before the 1967 accident than he did in the two years thereafter, thereby forcing the conclusion, in spite of plaintiff's contrary explanation and claim, that plaintiff's alleged injuries were not the reason for those expenditures. Defendant likewise asseverates that since some of the medical testimony revealed that the 1945 accident produced injuries more serious than the 1967 collision, we should determine, as the jury apparently did, that the earlier casualty was the causa causans for most of plaintiff's present complaints. This, in effect, would require us to view the evidence in a light unfavorable to the trial court's order; also, it would necessitate that we weigh the evidence. These are both contrary to what is permissible for an appellate court to do in deciding causes of this character, even though it be probable that a different result would have been reached had we been the trial judge. Markman v. Bi-State Transit System, Mo., 457 S.W.2d 769, 771(8); Foster v. Rosetta, supra, 443 S.W.2d at 185(2). Consequently, if we blind ourselves to all proof offered in opposition to plaintiff's testimony of personal injuries and special damages, and accept at face value all of plaintiff's evidence relative to the nature and extent of his injuries and damages, we are required to acknowledge the existence of a reasonable and substantial basis for the trial court's order and conclude that the ruling was properly made within the discretion granted the court nisi. The order, therefore, stands affirmed and the cause is remanded to the circuit court for a new trial.

STONE and HOGAN, JJ., concur.