P & S LEASING COMPANY,
Plaintiff-Appellant,

v.

RAY SMITH FORD, INC.,
Defendant-Respondent,

and

Ford Motor Company, Defendant.

No. 10162.

Missouri Court of Appeals,
Springfield District.

July 7, 1977.

B. H. Clampett, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for plaintiff-appellant.

David W. Bernhardt, Bussell, Hough, Bernhardt, Leighton & O'Neal, Springfield, for defendant-respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Plaintiff P & S Leasing Company (in the business of leasing trucks to the Pepsi-Cola & 7-Up Bottling Company of Springfield) purchased five Ford trucks from defendant Ray Smith Ford, Inc., under a contract which specified, inter alia, that the trucks would be equipped with 15 × 6 inch rear brakes. As delivered, the trucks were equipped with 16½ × 4½ inch rear brakes. Contending that the smaller brakes diminished the value of the trucks and additionally had been installed wrong necessitating repairs, plaintiff sued defendant Smith to recover total damages of $11,094.71 (loss of rental—$2,269.70; cost of repairs—$1,325.01; difference in value—$7,500).[1] The jury returned a $11,000 verdict for plaintiff against defendant Smith. Defendant Smith's motion for a new trial was sustained because the trial court found the verdict was excessive and against the weight of the evidence. Nevertheless, the court ruled that if plaintiff would file a remittitur of all the verdict in excess of $3,594.71 (i.e., remit $7,405.29 or the amount awarded for difference in the value of the trucks), the order granting the new trial would be set aside. Plaintiff refused to enter the remittitur and appealed from the

---

1. Ford Motor Company was also named as a defendant in the suit but was exonerated by the jury, and plaintiff did not appeal from that finding.

order granting a new trial. § 512.020, V.A. M.S.

■ When a trial court orders a new trial on the ground of excessiveness of damages, i. e., on the ground that the verdict was against the weight of the evidence [*Underwood v. Brockmeyer*, 318 S.W.2d 192, 195[7] (Mo.1958)], such ruling is peculiarly within the sound discretion of the trial court [*Union Electric Company of Missouri v. McNulty*, 344 S.W.2d 37, 39[1] (Mo.1961)] and is presumptively correct. *State ex rel. State Highway Commission v. Vaught*, 400 S.W.2d 153, 155[2] (Mo.1966). " 'In considering excessiveness of the verdict, the trial court had the right to weigh the conflicting evidence and evaluate all of the evidence in the light of its opportunity to see, hear and observe . . . all . . . witnesses. In reviewing the action of the trial court, we do not weigh the evidence, but we do examine the record to determine whether there is substantial evidence to support the ruling. If the evidence, viewed in the light most favorable to the ruling, affords reasonable and substantial support for it, then it must be sustained.' . . . 'It is only where the trial court has abused its discretion in ordering a remittitur, . . or in the amount of the remittitur ordered, that a judgment is reviewable by this court.' . . . '[W]hen the trial court * * * actually considers the matter of the excessiveness of the verdict and, by ordering a remittitur, gives an affirmative expression of its own considered view as to what the size of the verdict should be, the appellate court, while concededly not bound by the trial court's action, nevertheless accords it very great weight, and indeed regards it as so strongly persuasive that except in a case which calls unmistakably for a greater reduction, the judgment left to stand by the trial court will not be disturbed on appeal.' The same deference to the action of the trial court is to be accorded in a case such as this, where the plaintiff appeals, urging restoration of a cut in the verdict." *Morris v. Israel Brothers, Inc.*, 510 S.W.2d 437, 447–448 (Mo.1974).

As seen, part of the damages claimed by plaintiff related to the difference in the fair market value of the five trucks as ordered with the 15 × 6 inch rear brakes and the fair market value of the five trucks as received with the 16½ × 4½ inch brakes. The allowance of damages for the alleged difference by the jury is what the trial court considered to be excessive and against the weight of the evidence. The only testimony on the subject adduced by plaintiff came from its general manager. *Direct Examination* : "Q. Are you . . . acquainted with the market for this type of vehicle? A. I wouldn't qualify myself as an expert, but I would say a fair knowledge of it, yes. Q. . . . Based on your experience with selling in excess of a hundred trucks of this type, do you have a judgment as to the effect on their market value that having these smaller brakes would have? A. Well, any trucks, if they're undersized in any way, certainly would devaluate them. Q. . . . Do you have a judgment as to the difference in market value these trucks would have had . . . as you received them with the [16½ × 4½] brakes and what it would have been if they had had the [15 × 6] brakes that were specified? A. Well, with the inadequate brakes like that, you could probably say that this particular city—but these trucks would do heavy duty out in the country, you could certainly say they would be less valuable to us. Q. Do you have a judgment as to the amount of that devaluation? A. Of course, that would be pretty hard to say just exactly. I would say probably fifteen hundred dollars, something like that, per vehicle. Q. . . . You base this judgment on your experience in buying and selling this type of vehicle? A. Right. Not exact figures, of course. Q. I understand. But this is your best judgment? A. Right." *Cross* -Examination: "Q. . . . Now with respect to your judgment of the value of the trucks, . . . do you have any particular knowledge of the market value of the Ford trucks as they were, in fact, equipped as opposed to Ford trucks as they were, in fact, ordered? A. I wouldn't know that, no. Q. And your estimate a minute ago that, to use it, might be as much as fifteen hundred dollars is based on your feeling about this use in your business? Is that right? A. It has to be a feeling because there's no way to put the exact test on it. . . . Q. . . . Do you have knowledge of any difference in the market value? Do you have actual knowledge or experience in the market val-

ue of any LN 700 Ford trucks with a [15 × 6] as opposed to a [16½ × 4½] rear brake system? A. Not ever having seen these trucks these five with the small brakes on that size trucks, no. Q. . . . So your estimate of fifteen hundred dollars is a guess. Isn't that true? A. Well, certainly." *Redirect Examination*: "Q. . . . [Defendant's lawyer] termed [your testimony as] being a guess—about the depreciation value of those trucks. Any judgment, of course, not precise in dollars or cents, I suppose, is a guess. Is this a guess based on your experience or is this—A. I'd say it's an educated guess based on experience, yes. Q. . . . And it's a judgment in terms of in excess of a hundred trucks you have dealt with—soda trucks? A. That's right. Q. And was that judgment based on the fact that these are soda trucks with soda beds on them—A. Right. Q.—And your experience with that particular type of truck? A. Right. Q. And it's not based on any knowledge of a Ford model LN 700 truck or any use they might be put? A. That's correct."

Defendant's truck sales manager, when asked if there was a difference in the value of a Ford LN 700 truck equipped with a 10-bay Hesse body with 15 × 6 as opposed to 16½ × 4½ rear brakes, replied, "There is no difference."

█ Viewed in the light most favorable to the trial court's ruling, there was no testimony offered by plaintiff that could equate to evidence showing a difference in the fair market value between the trucks as ordered and as delivered. On cross-examination plaintiff's witness said that he had no knowledge of any difference in the market value between a LN 700 Ford truck equipped with 15 × 6 rear brakes and one equipped with 16½ × 4½ rear brakes; on redirect examination he acknowledged his figure was "not based on any knowledge of a Ford model LN 700 truck or any use they might be put." Plaintiff's self-proclaimed nonexpert's testimony concerned a "feeling" or admitted "guess" as to the *probable* difference in the value between the differently equipped trucks as they related "*to us.*" (Emphasis supplied).

█ "Fair market value" is defined as "the price which property will bring when it is offered for sale by an owner who is willing but under no compulsion to sell and is bought by a buyer who is willing or desires to purchase but is not compelled to do so." *Carter v. Matthey Laundry & Dry Cleaning Company*, 350 S.W.2d 786, 794[11] (Mo.1961). Proof of fair market value cannot be supplied by evidence as to the value of the property to the plaintiff individually (22 Am.Jur.2d, Damages, § 324, at p. 424), and a witness' subjective opinion or his feeling or guess as to the value of items of personalty may not be equated with or substituted for fair market value. *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 425[14] (Mo. App.1973). Moreover, "when the testimony of a witness, read as a whole, *conclusively* demonstrates that whatever he may have said with respect to the issue under investigation was a mere guess on his part and that, in fact, he did not know about that concerning which he undertook to speak, his testimony on such issue cannot be regarded as having any probative value." *Barnhart v. Ripka*, 297 S.W.2d 787, 791[7] (Mo.App. 1956). "Feeling" has been defined as an "unreasoned opinion" which falls below "conjecture" and "guess" because the latter two terms may imply the use of some reasoning power albeit is used defectively. *Bailey v. Kershner*, 444 S.W.2d 10, 15 (Mo. App.1969).

We, who have not seen nor heard plaintiff's witness nor sensed the nuances of his testimony, are not required, under the circumstances in this case, to rule in a positive fashion whether the testimony proffered by plaintiff was sufficient vel non, in fact or in law, to submit the issue involved to the jury or constituted evidence of probative value as to the fair market value between the trucks ordered and received. All we need do is determine whether there was substantial reason for the trial court to grant a new trial upon refusal of the remittitur. *Goodin v. May*, 474 S.W.2d 33, 35[4] (Mo. App.1971). We, as above indicated, have concluded there was and affirm the judgment nisi.

All concur.