**Rhonda MASSEY, pro ami, et al.,
Plaintiff-Appellant,**

v.

**Michael RUSCHE,
Defendant-Respondent.**

**No. KCD 30151.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

Ross Eshelman, Poague, Brock, Wall & Eshelman, Clinton, for plaintiff-appellant.

J. Michael Cronan, Jackson & Sherman, P. C., Kansas City, for defendant-respondent.

Before HIGGINS, Special Judge, Presiding, WELBORN, Special Judge, and SWOFFORD, J.

SWOFFORD, Judge.

This appeal arises from a suit for damages for personal injuries alleged to have been sustained by Rhonda Massey, a minor, (hereinafter designated as Rhonda) due to the negligent conduct of the defendant (Count I of the amended petition), and by her parents for medical expense occasioned by the personal injuries to their daughter (Count II). A detailed summary of the evidence is not necessary for a determination of this appeal. It is sufficient to state that the plaintiff's evidence elicited sufficient facts from which a jury could conclude that on May 19, 1976, Rhonda sustained injuries by reason of a cellar door falling on her due to the negligent acts and omissions of the defendant. The defendant pleaded and offered proof that the defendant was not negligent or, if so, the plaintiff Rhonda was guilty of contributory negligence that would bar recovery. The case was submitted to the jury upon these theories of recovery and defense, and it returned a verdict for the defendant and against Rhonda on Count I, and against the defendant and in favor of Rhonda's parents on Count II, and awarded them damages in the amount of $1200.00, which was approximately the amount of the medical and hospital bills incurred by them due to Rhonda's injuries.[1]

No motion for a new trial was filed nor an appeal taken by the defendant or Rhonda's parents as to the judgment in favor of the parents on their cause of action on Count II, and the judgment became and is final.

Rhonda filed a post judgment motion in the trial court, which is captioned:

"PLAINTIFF RHONDA MASSEY'S MOTION, WITH RESPECT TO COUNT I ONLY, FOR JUDGMENT N.O.V. ON THE ISSUE OF LIABILITY AND NEW TRIAL ON THE ISSUE OF DAMAGES ONLY, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL ON ALL ISSUES"

As grounds for such motion, she alleged that the verdict as to Count II, the derivative cause of action by her parents constituted a solid finding against the defendant on the issue of negligence and liability, common to both Counts, and could only be reconciled with the verdict against her on Count I upon a finding that she received no injury and, therefore, sustained no damage, a result contrary to the undisputed evidence. Rhonda's post trial motion also

---

1. The actual amount of Rhonda's medical bills was $1214.65.

charged error in giving *two* converse instructions upon plaintiff's theory of recovery, i. e. negligence and an unwarranted deviation from MAI 32.01 in another instruction. The request for relief sought by Rhonda is thus stated:

"WHEREFORE, plaintiff Rhonda Massey requests that the court, with respect to Count I only, set aside the verdict and enter judgment in her favor notwithstanding the verdict on the issue of liability and order a new trial on the issue of damages only, or, in the alternative, order a new trial on all issues."

The court below denied Rhonda's motion and this appeal followed.

There can be no valid dispute that Rhonda in fact did sustain physical injuries as a result of the cellar door falling upon her. The result of this trauma resulted in a severe bleeding from her nose and an obvious "pushing off of her nose" to one side; she was taken for emergency treatment to the hospital at Clinton, Missouri where they "pulled wood" out of her nose and sutured a cut on the left side thereof; she was then taken to a hospital at Kansas City where she remained for three days, during which time surgery under general anesthetic was performed by intercartilaginous incision to remove a large hematoma from the entire left side of the nose, and it was found by the doctors that there was a sutured laceration on the left side of the nose, a nondisplaced nasal fracture, and a permanent slight deviation of the septum to the right, and a slight permanent scar in the area. There was undisputed evidence that Rhonda sustained pain and suffering following this injury and for a period of time following the medical procedures above summarized.

Defendant did not dispute the cause of Rhonda's injuries, the nature of the medical attention she received, nor the fact that the medical expenses incurred by her parents amounted to approximately $1200.00. The only dispute as to the medical was in the area of the extent of the injuries, i. e. as to permanency, disfigurement and the need for further operative procedures.

The appellant Rhonda places primary emphasis in this appeal (Point I) on the fact that the verdict of the jury in favor of her parents on their derivative action for medical expenses (Count II) (from which no appeal was taken) and against her for her personal injuries (Count I) were inconsistent and were "impossible" verdicts. Her argument is that to find for her parents on Count II the jury necessarily found the defendant negligent and liable for any results of such negligence, and therefore, in the light of that finding (now final) the only way the jury could find against her on Count I was to find that she was not injured or damaged, which fact upon this record is undisputed.

■ The defendant counters this allegation of error by asserting that the request in the post trial motion for a new trial on the issue of damages only, coupled with a request for Judgment N.O.V., was a "nullity" by reason of the fact that Rhonda failed to file any motion for a directed verdict in the trial court and such alternative request for a new trial in her post trial motion can only be made when a motion for a judgment N.O.V. "is proper". While the wording of this argument is obscure and its meaning illusive, upon this record, it obviously is intended to present the position that Rhonda's basis for Point I on her appeal has not been properly preserved and should not, therefore, be considered. The question thus raised becomes therefore a threshold one in this decision.

The defendant-respondent, aside from his citation of the hornbook line of decisions holding that matters not properly presented to or preserved in the trial court cannot be considered on appeal, relies principally upon the terms of Rule 72.01 and the decision of *Milner v. Texas Discount Gas Co.,* 559 S.W.2d 547 (Mo.App.1977). This reliance, under the facts before this Court here, is misplaced.

Rule 72.01 deals generally with the procedures relating to motions for directed verdicts and for judgments N.O.V., and the portion thereof relied upon by defendant-respondent herein provides:

"(b) * * * Not later than 15 days *after* entry of judgment, *a party who has moved for a directed verdict* may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * * *" (Emphasis supplied)

This rule was directly applied in the case of *Milner v. Texas Discount Gas Co.,* supra. In that case (not involving a derivative action) the plaintiff sued for personal injuries received in a gasoline station as an alleged result of the defendant's negligence. A verdict was returned for the defendant and a judgment entered thereon, from which the plaintiff appealed asserting as one of her grounds for reversal that the trial court erred and abused its discretion in denying her after trial motion for a judgment N.O.V. in her favor on liability, and for a new trial on the issue of damages alone. *There, the defendant had offered no evidence of any kind on the issue of liability.* However, the court held that under Rule 72.01(a)(b) this point had been waived for appeal since no motion for a directed verdict had been proffered by the plaintiff at the close of all the evidence.

In the case at bar, the issues of negligence and contributory negligence were strenuously contested and no claim was made by either party that proof had not been offered to warrant the submission of both such issues to the jury, as was done. A motion for a directed verdict at the close of the evidence in the light of such facts would have been useless and unnecessary and premature. Rhonda's present complaint is based upon the fact that the jury's *verdicts* on Count I and Count II are at war, inconsistent, and conflicting. What these verdicts would be could not have been known to anyone until they were returned, so that up to that point there was nothing to preserve as error. Rule 72.01, *Milner,* and the other authorities cited by defendant-respondent are inapposite under these circumstances.

■ After verdict and judgment Rhonda filed her motion in the alternative for a judgment N.O.V. and for a new trial above referred to, and specifically and forcefully presented therein to the trial court at the earliest possible time her contentions as to the invalidity of the verdicts. It is true that she requested in the alternative a judgment notwithstanding the verdict and, again in the alternative, a new trial on the issue of damages only or, again in the alternative, a new trial as to her separate cause of action on all issues. Thus, she presented all facets of the problem at the trial level and the court denied any relief. Since pleadings or motions in the alternative are authorized and are favored under the present law as means toward economy of time and expense in judicial proceedings even though the request for a judgment N.O.V. as such, may have been inappropriate or a nullity, the inclusion of this request in the after-trial motion in the alternative did not (and should not) taint or strike down the legal effect of Rhonda's motion. The remaining alternatives therein contained preserved the point on appeal, the motion will be considered upon the new trial requests, and the position of the defendant-respondent as to waiver and failure to preserve is disallowed.

■ Defendant-Respondent also challenges the right of Rhonda to maintain this appeal upon the basis that she is not an "aggrieved party" as to any claimed inconsistency in the verdicts. The respondent argues in support of this position that since the claim of James and Nancy Massey (Rhonda's parents) was a "secondary claim", Rhonda was not "aggrieved" so as to challenge the verdict rendered against her by reason of the verdict rendered in favor of her parents. In the alternative, defendant-respondent asserts that if this Court finds the verdicts to be inconsistent requiring a mistrial, such should only be ordered on *all* issues and as to *all* parties. Thus is presented another threshold problem together with one which goes directly to the ultimate decision in this appeal.

Of course, Rhonda was aggrieved by the judgment against her on *both* liability and damages as reflected by the jury's verdict

on Count I. She received nothing at its hands. She had an interest in the subject matter of the litigation; she was a party to the case, and the result was adverse to her interests. She met all of the requirements of an "aggrieved party" within the meaning of the law. Section 512.020 RSMo 1978; *Briss v. Consolidated Cabs,* 295 S.W.2d 391, 392[1] (Mo.App.1956). As previously noted, the judgment for Rhonda's parents was not challenged and is not before this Court on this appeal except as it affects the judgment against Rhonda on her cause of action. There is no validity to this contention of the defendant-respondent and the authorities and argument in his brief in support thereof do not convince this Court to the contrary.

■ The remaining questions for determination on this appeal are: Were the verdicts of the jury inconsistent, and if so, should the matter of Rhonda's claim be remanded for a new trial on *all* issues or on on the issue of damages only?

It is obvious to this Court that the verdicts below were inconsistent and contradictory. At the risk of repetition, it should be emphasized that the verdict in favor of Rhonda's parents required the jury (and it was so instructed) to believe that the defendant was negligent; that as a direct result thereof, Rhonda was injured; and, that the parents sustained damage by reason of such injury to their daughter. By its verdict in favor of the parents the jury found all of these elements. By failing to request after trial relief in the court below or to make any attempt to appeal from that verdict the defendant accepted those findings of the jury.

■ While the briefs filed in this appeal do not disclose any Missouri case involving the exact factual situation here presented, and independent research has disclosed none, a close and controlling analogy can be drawn with the line of cases involving the derivative claim of one spouse for personal injuries sustained by the other spouse—that class of action involving what is commonly called "loss of services".

In *Manley v. Horton,* 414 S.W.2d 254, 261[16] (Mo.1967), a husband was injured in an automobile collision. He filed suit for damages for his injuries and his wife sued for damages for loss of consortium by reason of his injuries. The jury returned a verdict in favor of the husband and against the wife. The court held (l.c. 261) that these verdicts were "so inconsistent" that the verdict against the wife should be set aside. It reversed the judgment against her and granted her a new trial on the issue of damages only. See, also, *Foster v. Rosetta,* 443 S.W.2d 183, 185–186[4] (Mo.1969); *Pietrowski v. Mykins,* 498 S.W.2d 572, 580[9] (Mo.App.1973); *Kaelin v. Nuelle,* 537 S.W.2d 226, 237[18] (Mo.App.1976); *Barlow v. Thornhill,* 537 S.W.2d 412, 422–424[14, 15] (Mo.1976); *Stroud v. Govreau,* 495 S.W.2d 682, 684[2] (Mo.App.1973).

In the case of *Kennedy v. Tallent,* 492 S.W.2d 33 (Mo.App.1973) a multiple count petition was filed arising from an automobile collision wherein a mother and her 5-year old daughter received personal injuries. One of these counts stated the cause of action of the daughter for her injuries, and another stated the cause of action of her father for his daughter's medical expenses.[2] The third cause of action covered the damages for the mother's injuries. The element of this case of interest here is the fact that the jury returned a verdict in favor of the father for $500.00 for medical expenses of his daughter, but while finding the issues in favor of the daughter assessed her damages at "None". The court held that the verdicts returned in favor of the father and awarding him medical expenses, and that awarding his child no damages for her injuries were inconsistent and granted a new trial on the issue of damages only.

An opinion very close factually to the case now before this Court is *Pickel v. Rosen,* 214 So.2d 730 (District Court of Appeals—Florida—1968). In that case an action was brought by a minor for personal injuries. His father was also a plaintiff in the action seeking recovery for medical ex-

---

2. This count also sought recovery for damages to the Kennedy car.

penses of his son. The defendant denied any negligence and raised the defense of contributory negligence. The jury returned a verdict for the father in the exact amount of the expenses, but awarded the son "Zero" dollars. The court commented that the boy evidenced objective signs of injury, i. e. a bleeding wound and a "distorted" member (leg) and was taken from the scene in an ambulance to a hospital where surgery was performed to remove a large hematoma from his left leg. The leg wound was then cauterized and a rubber drain inserted, which remained in the wound for about a week. There was evidence that this procedure was somewhat painful. The problem thus posed was expressed by the court, l. c. 731:

> "Thus, although the issue of liability was resolved by the jury in favor of the plaintiffs, the question before us is whether the verdict was so inconsistent with regard to the damages as to require a new trial on the [question] of the minor's damages alone. * * *"

and was resolved by that court, l. c. 731:

> "Under these circumstances the award of zero dollars was inconsistent with the award of the exact medical expenses to the plaintiff-father * * *"

The court reversed and remanded for a new trial on the sole issue of the damage to the minor plaintiff.

This Court has concluded that the verdicts herein were inconsistent and irreconcilable and that the judgment for the parents of Rhonda was unchallenged by the defendant and is now final. The issues of negligence and proximate cause are likewise final under this record and cannot be retried. The only issue alive in this case is the evaluation of Rhonda's admitted injuries.

The issues raised on this appeal by Rhonda as to the propriety of Instructions 3, 5 and 6 need not be reached.

The judgment below is reversed and the cause remanded for a new trial upon the sole issue of Rhonda's damages.

All concur.