Raymond EDGAR and Joyce Edgar, Plaintiffs-Appellants,

v.

Charles EMILY, Defendant-Respondent.

No. 44313.

Missouri Court of Appeals, Eastern District, Division Two.

July 27, 1982.

Thomas J. Briegel, Union, for plaintiffs-appellants.

Hale W. Brown, Kirkwood, for defendant-respondent.

DOWD, Presiding Judge.

Plaintiffs, Raymond and Joyce Edgar, brought a civil action for damages arising from an assault and battery. The jury verdict was for defendant and plaintiffs appeal. We affirm.

On December 14, 1978, the defendant, Charles Emily, received several harassing telephone calls consisting of thirty seconds of silence followed by "you bastard." He recognized the voice as belonging to his sister, Joyce Edgar. He drove to the Edgars' house to speak with his sister about the telephone calls. Defendant took a wooden handle from a child's shovel with him. Joyce Edgar denied making the calls. They exchanged heated words through the front door. Defendant began walking back to his jeep to leave. Joyce Edgar called for her husband. He went out through the side door, since the front door was blocked by their Christmas tree, to see what the problem was. Raymond Edgar and Charles Emily also exchanged heated words. Raymond Edgar, 6 feet 3 inches tall, weighing 215 pounds and much bigger than defendant, grabbed defendant's arm. His shirt sleeve ripped as he tried to move away. Defendant hit Raymond Edgar on the head with the stick. Mr. Edgar struck defendant in the jaw and defendant hit him again with the stick. Mr. Edgar fell to the ground. Joyce Edgar ran towards them with what appeared to be a hatchet or hammer. Brother and sister struggled, she hit him with her fist and he hit her with the stick. As defendant drove off, Joyce Edgar shattered his windshield with a rock.

■ Plaintiffs contend that the trial court erred in denying their motion for new trial because opposing counsel's reference to Joyce Edgar as a nut in closing argument was extremely prejudicial. The plaintiffs, however, have waived the objection by failing to object to the description at trial. *Sherpy v. Bilyeu*, 608 S.W.2d 521, 523 (Mo. App.1980).

■ Plaintiffs also contend that the trial court erred in allowing opposing counsel to state in closing argument that defendant had paid plaintiffs' medical bills because the statement was outside the evidence. The court did not expressly sustain or overrule plaintiffs' objection nor did plaintiffs insist upon a ruling. The court did, however, admonish the jury to remember the evidence. We conclude that the unsupported statement of counsel was not so prejudicial as to require reversal. *Garmon v. General American Life Insurance Co.*, 624 S.W.2d 42, 48 (Mo.App.1981); *Thompson v. Bi-State Transit System, Inc.*, 458 S.W.2d 903, 906 (Mo.App.1970).

■ Plaintiffs' final contention concerning closing argument is that the trial court erred in overruling their objection and denying their motion for new trial because opposing counsel's comment that defendant had already paid enough by pleading to a criminal charge was prejudicial. The record shows the following:

[DEFENDANT'S ATTORNEY]: And I think everybody has been punished quite a bit in this case. I think everybody has paid a price on this. I think it's very unfortunate and I think it's regrettable that an incident like this occurred but it happens all the time. And I don't think this man, through a family quarrel, through a childish, immature squabble that was going on, should be required to pay a higher price. Than he already has paid.

[PLAINTIFFS' ATTORNEY]: Your Honor, I'm going to object to that statement. It's wholly improper to state because criminal charges were brought that this gentleman is free from any civil action or quote has paid his due.

[DEFENDANT'S ATTORNEY]: I never said anything about criminal charges, Your Honor. I said he paid a price. He's had to hire an attorney, use up time here.

[PLAINTIFFS' ATTORNEY]: Your Honor, I submit that's wholly improper.

THE COURT: The Court will state that the inference is that he can't make a—can't bring a civil action because of a criminal action. To that extent, the remarks should be stricken and the jury should disregard that.

[DEFENDANT'S ATTORNEY]: I didn't mean to say that if I came across. I apologize. . . .

Plaintiffs received all the relief requested at the time the comment was made. The court struck the relevant portion of the statement and instructed the jury to disregard it. Where the action of the court is responsive to an objection, the court will not be convicted of error for failure to take other and further curative steps not sought by the complaining party. *Beck v. Modern American Life Insurance Co.*, 589 S.W.2d 98, 106 (Mo.App.1979). We find no prejudice. The trial court properly denied the motion for new trial.

■ Plaintiffs assert that the self-defense instructions, patterned on MAI 32.11, were not supported by the evidence. In determining whether the instructions were supported by the evidence, we view the evidence and reasonable inferences therefrom in the light most favorable to the party offering the instructions. *Baker v. Brinker*, 585 S.W.2d 256, 258 (Mo.App.1979). After reviewing the evidence we conclude there was substantial evidence to support the self-defense instructions.

■ Plaintiffs argue that the evidence shows that defendant created the situation by coming to their house with a stick. We disagree. Defendant's right to self-defense revived when he walked back to his jeep, intending to leave. *Lawrence v. Womack*, 23 S.W.2d 190, 192 (Mo.App.1930). In addition, plaintiffs argue that two other elements of the self-defense instruction with

respect to Joyce Edgar, that defendant had reasonable cause "to apprehend harm" and used only such force as was reasonable and necessary, were unsupported by the evidence. Joyce Edgar came towards defendant with what appeared to be a hatchet or hammer. She hit him in the face with her fist. Viewing the evidence in the light most favorable to defendant, the evidence supported the instruction.

Judgment is affirmed.

GUNN, C. J., and SIMON, J., concur.