**Robert HUSSEY, Appellant,**

v.

**Wilbur KAISER, Respondent.**

**No. 46040.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Joseph A. Fenlon, Jr., Clayton, for appellant.

Lawrence E. Manion, Jr., Clayton, for respondent.

REINHARD, Judge.

Personal injury action. Plaintiff appeals after the jury returned a $5,000.00 verdict in his favor and found against defendant on his counterclaim. Plaintiff was driving a vehicle which was struck from behind by defendant's automobile. He claims that the verdict is inadequate and that the trial court erred in failing to grant him a new trial on that basis. We affirm.

At the time of the accident, plaintiff was eighteen years old and lived in his parents' home. The evidence shows that plaintiff suffered a lower back injury; he claims to suffer from constant back pain, varying from mild to severe pain at all times since the accident. Plaintiff visited a hospital emergency room on the night of the accident, and consulted a Dr. Berg the next day. Thereafter, plaintiff saw Dr. Berg on numerous occasions, and was at one point hospitalized for further care. However, beginning shortly after his hospitalization, plaintiff sought no medical treatment for a period of thirteen months. At the time of trial, he was employed in a position requiring strenuous physical activity.

Evidence of plaintiff's injuries came from Dr. Berg and plaintiff himself. Dr. Berg testified that plaintiff suffers from a congenital defect which would cause back problems; however, plaintiff testified that he had experienced no difficulties prior to the collision. Dr. Berg testified that plaintiff's condition was permanent, even though there is no objective evidence of disability from x-rays.

Plaintiff was also examined by a physician of defendant's choice. This physician found no objective evidence of a back injury. He testified that any injury suffered by plaintiff would not be permanent; plaintiff should have fully recovered from his injury within seven to eight weeks.

Plaintiff's medical bills consisted of payments to Dr. Berg and the hospital. He also claimed a substantial amount for lost wages.

■ Plaintiff cites numerous cases in support of his position. However, all are cases where the trial court granted a new trial, and the appellate court affirmed its decision. It is an often stated principle that an order for a new trial because of an

inadequate verdict is tantamount to a ruling that the verdict is against the weight of the evidence. *Goodin v. May,* 474 S.W.2d 33, 34 (Mo.App.1971). Such a ruling rests within the sound discretion of the trial court, and its order is presumptively correct. *Id.*

The present appeal reaches us in quite a different posture; the trial court determined that the judgment and verdict were not against the weight of the evidence. Rarely will our court interfere with such a judgment, since our role is not to weigh the evidence, but rather, to determine whether there is substantial evidence to support the verdict and therefore whether the court abused its discretion. *Spica v. McDonald,* 334 S.W.2d 365, 368–69 (Mo. 1960); *Anderson v. Mutert,* 619 S.W.2d 941, 946 (Mo.App.1981). An examination of the record shows that a higher verdict could have been sustained had such a verdict been rendered. However, in light of the conflicting and inconclusive medical evidence and plaintiff's testimony, the presumption still stands that the trial court's ruling is correct. With substantial evidence in the record to support the verdict, the trial court did not abuse its discretion in denying the motion for new trial.

Plaintiff also challenges statements made by defense counsel during closing argument in which he argued that because plaintiff failed to produce certain witnesses, their testimony was presumably favorable to defendant. Plaintiff objected to defendant's reference to his parents and wife, but made no mention of them in his motion for new trial. On the other hand, although plaintiff made no trial objection to defendant's reference to certain other possible witnesses, he raised this contention in his motion for new trial. Neither challenge is properly preserved for appellate review. *Peters v. Henshaw,* 640 S.W.2d 197, 201 (Mo.App.1982); *Edgar v. Emily,* 637 S.W.2d 412, 414 (Mo.App.1982); *Burian v. Dickens,* 527 S.W.2d 26, 29 (Mo.App.1975).

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.