**DIVERSIFIED METALS CORPORATION,**
a corporation, Appellant,

v.

**AARON FERER & SONS, INC., a**
corporation, Respondent.

No. 56919.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

Susman, Stern, Agatstein & Heifetz, St. Louis, for appellant.

Adolph K. Schwartz, St. Louis, for respondent.

STOCKARD, Commissioner.

Prior to January 1, 1972, plaintiff filed its notice of appeal from an adverse judg-

ment entered pursuant to jury verdict in its suit for more than $65,000 for breach of a contract of bailment.

In September 1968, appellant delivered to respondent at its warehouse in East St. Louis, Missouri, approximately one million pounds of copper and received negotiable warehouse receipts therefor. Subsequently, appellant demanded return of its copper, but respondent delivered 143,211 pounds less than it received. The reason for the nondelivery was that on October 5 or 6, 1968, 15,903 pounds of the copper was stolen in a burglary of respondent's warehouse, and again two weeks later 127,308 pounds of the copper was stolen in a second burglary of the same warehouse.

Appellant's verdict instruction was as follows: "Your verdict must be for plaintiff unless you believe that defendant has established that it used the degree of care required of it by law, which is ordinary care, to prevent the loss of plaintiff's property." The term "ordinary care" was defined in another instruction to mean "that degree of care that an ordinary careful and prudent person would use under the same or similar circumstances." The jury returned a verdict for defendant.

Appellant's first three points are so related that they will be considered together. Appellant asserts (1) that in a suit for breach of contract of bailment the bailor establishes a prima facie case by proof of the delivery of the goods and of the bailee's refusal or inability to redeliver them on demand; (2) under such circumstances a presumption of the bailee's negligence is raised which places on the bailee the duty to prove affirmatively that he was not negligent; (3) although the question of negligence is ordinarily for the jury, where there is no room for a reasonable difference of opinion, and only one conclusion may be fairly drawn, the right of recovery is a question for the court, and in this case respondent produced no reasonable evidence that it was free from negligence and for that reason the trial court

should have held as a matter of law that (a) the burglar alarm system was inadequate, and (b) the failure to employ a watchman until the new alarm system could be installed constituted negligence on the part of the warehouse, and (4) the verdict of the jury was (a) contrary to the weight of the evidence, and (b) wholly insufficient to support a verdict for defendant, and in failing to so rule the trial court abused its discretion.

Although the applicable substantive law is that of the State of Illinois, appellant cites only the Missouri statute, which does not read the same as the Illinois provision, and also cites only Missouri cases. Chapter 26, § 7—204(1), Ill.Anno.Stat., provides: "A warehouseman is liable for damages for loss of or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful man would exercise under like circumstances but unless otherwise agreed he is not liable for damages which could not have been avoided by the exercise of such care."

After stripping appellant's points of the abstract statements of law, the basic contentions, as we are able to discern them, are (1) that upon the proof by it of the delivery of the goods to the warehouse, and the refusal or failure of the warehouse to deliver the goods upon demand, facts not disputed in this case, "it then [became] incumbent upon the bailee to prove affirmatively that it exercised ordinary care in the custody of appellant's property," and (2) that as "a matter of law" respondent did not prove "affirmatively that it was free from negligence."

We note that the substance of the second contention is that there was no evidence authorizing the submission to the jury of the issue of whether respondent used ordinary care to prevent the loss of appellant's property. However, the case was presented to the jury on a verdict directing instruction requested by appellant which submitted that issue. Ordinarily a party can-

not challenge an instruction requested by him on the basis it was not supported by the evidence. Aside from this question, we are of the opinion that there was sufficient evidence of the exercise of ordinary care on the part of respondent in the care of appellant's goods to make this a fact issue for the jury, and that the trial court did not err in refusing to rule the issue as one of law.

Respondent maintained a public warehouse licensed by the State of Illinois, the City of East St. Louis, and by the Commodity Exchange of New York. The warehouse was equipped with a burglar alarm system installed by the American District Telegraph Company which was engaged in the business of burglar and fire protection. The system in operation was what was called a "circuit burglar alarm." We do not deem it necessary to set forth the testimony as to the method of its operation, but a full explanation was made to the jury. A representative of the American District Telegraph Company testified that the system was the kind of system customarily installed by it in a Commodity Exchange approved warehouse. The alarm system had been periodically checked and serviced.

The first burglary was accomplished by breaking out a panel in a door. Apparently the burglar entered through a relatively small hole and handed the copper ingots through the hole to accomplices. When this burglary was discovered, respondent immediately requested additional protection and offered to pay overtime to obtain immediate installation. The second burglary was accomplished by breaking out a different panel. The burglar then entered through the hole and removed the alarm contacts from the door and taped them together. The door could then be, and was, opened without detection. A representative of the owner of the alarm system testified that it would be infrequent that such a system could be bypassed, and that to do so the person would have to be familiar with the system.

There was other evidence to the effect that another part of the building under lease to a grocery chain store had been burglarized even though it was protected at the time by Pinkerton guards, that the American District Telegraph Company, a specialist in protection against burglary, had not recommended to respondent that it have more protection, and that there is no "sure burglar alarm or perfect installation."

■ The above evidence clearly authorized the submission to the jury of the issue of whether respondent had exercised the required degree of care in the protection of appellant's goods against burglary, and by its verdict the jury resolved that issue in favor of respondent.

■ We dispose of appellant's contention that the verdict was against the weight of the evidence by restating the firmly established principle that this is a question for the trial court, and that an appellate court is not authorized to weigh the evidence. Morrison v. Thomas, 481 S.W. 2d 605 (Mo.App.1972); Beesley v. Howe, 478 S.W.2d 649 (Mo.1972).

Appellant's remaining point is that the trial court erred in excluding evidence offered by appellant that five months after the thefts of appellant's copper respondent "resorted to watchmen while its burglar alarm system was inoperative." Appellant cites Hickey v. Kansas City Southern Railway Company, 290 S.W.2d 58 (Mo.1956). It was there held that precautionary measures taken after an accident ordinarily are not admissible to show antecedent negligence, but that such evidence may be admissible to rebut evidence or contentions that the use or condition then existing could not have been improved or made safer, or that such condition was a necessary use.

■ The record shows that counsel for appellant offered to read answers to interrogatories which indicated, according to appellant, that respondent employed guards at its warehouse "when the burglar

alarm system was disconnected." As stated in Atcheson v. Braniff International Airways, 327 S.W.2d 112 (Mo.1959), evidence that subsequent to the accident or injury complained of changes or repairs were made to prevent recurrence of the injury, is inadmissible to show antecedent negligence or an admission of negligence on the occasion in question, but such evidence may be admissible for other purposes. Proof that guards were used when the alarm system was not in operation would not tend to prove that the use of the alarm system, when in operation, was a lack of ordinary care. Appellant did not submit to the trial court, and has not demonstrated to this court, any "other purpose" which would make the offered evidence admissible.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, P. J., and FINCH and MORGAN, JJ., concur.