Maralyn MILNER, Plaintiff-Appellant,

v.

TEXAS DISCOUNT GAS CO.,
Defendant-Respondent.

No. 37926.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Ben J. Weinberger, St. Louis, for plaintiff-appellant.

Evans & Dixon, Sam Rynearson, St. Louis, for defendant-respondent.

KELLY, Judge.

This is an appeal from a judgment of the Circuit Court of St. Louis County in favor of the defendant-respondent following a jury trial in a negligence action in which the plaintiff-appellant sought money damages for injuries sustained when she fell on the premises whereon the defendant-respondent operated a service station business. We affirm.

At trial the appellant presented all of the evidence on the issue of liability in plaintiff's case, the respondent limiting its evidence to the testimony of its examining physician. Because of the result we reach, a brief statement of the facts will be sufficient.

Mrs. Maralyn Milner, the appellant, drove her motor vehicle onto the premises of a service station being operated by the respondent at 9800 Page Boulevard in St. Louis County at approximately 1 p. m. on the 10th day of October, 1972, for the purpose of purchasing some gasoline. Charles Johnson, the acting manager of the service station, came up to Mrs. Milner's car and she told him to "fill it up." Mr. Johnson put the nozzle of the hose from the gas pump into the gas tank of the auto, turned the gas pump on, set the nozzle on automatic, and went to the gas station island nearby to either get something to wash the windshield of Mrs. Milner's car or to wait on another customer. Mrs. Milner was getting out of her car as Mr. Johnson was putting the nozzle of the gas hose into the gas tank of her car and after Mr. Johnson left, the nozzle came out of the gas tank of her car, flipped up into the air, and sprayed gasoline all over her and also sprayed the gasoline on the pavement where she was standing. In attempting to get out of the way, Mrs. Milner fell backwards and sustained injuries to her back for which she sought compensation in this case.

Following an adverse jury verdict, appellant filed "Plaintiff's Motion to Set Aside The Verdict of the Jury in Favor of Defendant Rendered On The 10th Day of December, 1975, Or In The Alternative For A Directed Verdict In Favor of Plaintiff On The Issue of Liability And For A New Trial on the Issue Of Damages."

On appeal the appellant relies on the following Points:

1) the trial court erred and abused its discretion in denying appellant's motion for judgment in her favor on the issue of liability and for a new trial on the issue of damages because she made a submissible case and sustained her burden of proof in accordance with her theory of recovery under her pleadings and supported by her evidence and there was no dispute as to the issue of liability and damages and that the active negligence of the respondent was established and conceded;

2) the trial court erred and abused its discretion when it overruled appellant's motion to set aside the verdict of the jury and the judgment of the Court in favor of respondent because it was not responsive to the pleadings or fully consistent with the theory on which the case was tried by the parties and in utter disregard of the evidence and that there was no evidence in support thereof and so unreasonable as to shock the sense of justice;

3) the trial court erred and abused its discretion by refusing appellant's verdict director marked "A," a modified 22.03 which set forth and contained all the necessary ultimate issues of the case in support of the peculiar facts and circumstances of the case and predicated upon her theory of recovery under her pleadings supported by her evidence, which were necessary to direct a proper verdict for appellant;

4) the trial court erred and abused its discretion because it gave its own erroneous instruction Number Three, a modified MAI 17.01, which was vague, uncertain, indefinite, misleading, and not applicable to the peculiar facts and circumstances in

the case as a whole and failed to include other essential and necessary elements and ultimate facts in the case for a proper verdict for appellant, the same being as follows: The failure of the attendant in charge of the service station to either cut off the flow of gasoline when the nozzle valve fell out of the gasoline tank so that the nozzle valve failed to function properly to automatically shut itself off at said time, which directly made the premises of respondent not reasonably safe for appellant which caused plaintiff's damages.

Our examination of the transcript on appeal demonstrates that the appellant failed to preserve her first point for review by this court. Motions for Directed Verdict are authorized by Rule 72.01(a) and are required to be made "at the close of the evidence offered by an opponent." There is no motion for a directed verdict at the close of the defendant's evidence by appellant in the record of this case, and she is therefore in no position to make any claim that the trial court erred or abused its discretion in denying her motion for judgment in her favor on the issue of liability. *Edens v. Myers,* 365 S.W.2d 559, 561[2] (Mo.1963). Having failed to file her motion for directed verdict at the close of the evidence, appellant likewise failed to preserve anything for review on appeal with respect to her after-verdict Motion for Judgment Notwithstanding the Verdict authorized by Rule 72.01(b) because it is only in those cases where a motion for directed verdict was made at the close of all of the evidence and the trial court has denied the Motion for Directed Verdict that this Motion for Judgment Notwithstanding the Verdict lies. We rule this Point against the appellant.

Appellant's second Point Relied On likewise fails to preserve anything for review for the reason that it fails to meet the requirements of Rule 84.04(d) in that it constitutes nothing more than an abstract statement without specifying in what way the jury verdict was "not responsive to the pleadings or consistent with the theory on which the case was tried . . . and in utter disregard of the evidence and that there was no evidence in support thereof and so unreasonable as to shock the sense of justice." We likewise rule this Point against appellant.

Appellant's third and fourth Points Relied On are directed against the trial court's (1) refusal to read to the jury a verdict-director instruction on the issue of liability tendered by the appellant, and (2) its reading, in lieu thereof, a verdict-director instruction not tendered by appellant which misdirected the jury because it did not present appellant's theory of the case.

Respondent contends, and we agree, that appellant has failed to preserve these Points for review. Appellant's after-trial Motion sought no new trial on the issue of liability; it prayed only that the jury verdict be set aside or, in the alternative, that the trial court enter a directed verdict for her on the issue of liability and a new trial on the issue of damages only.

Our Rules of Civil Procedure contain no authorization for a "motion to set aside the verdict of the Jury." The only after-trial motions following a jury trial specifically authorized by the Rules of Civil Procedure are a Motion for New Trial, Rule 78.07, and a Motion for Judgment Notwithstanding the Verdict, Rule 72.01(b).[1]

1. Rule 78.05 makes reference to "any after-trial motion" but the only after-trial motions authorized by the Supreme Court Rules are those mentioned supra. At common law there were five motions employed after verdict as methods of suspending or preventing judgment on the verdict. These were: (1) motion for new trial, (2) motion to arrest judgment, (3) motion for judgment *non obstante veredicto,* (4) motion to award a repleader, and (5) motion to award a *venire facias de novo.* Motions in arrest of judgment and for judgment *non obstante veredicto* went only to defects in the record proper and had to be determined from the record itself and not by the evidence. A motion to award a repleader was employed where there was a defect in the pleadings and granting of the motion amounted to the granting of a new trial with leave to amend the pleadings. A motion to award a *venire facias de novo* was an ancient proceeding at common law in use prior to the practice of granting new trials and was

We rule these Points against appellant. Affirmed.

GUNN, P. J., and REINHARD, Special Judge, concur.

granted only for some cause appearing on the record. Motions for judgment notwithstanding the verdict and in arrest of judgment were abolished in Missouri by former Rule 81.01; however, the motion for judgment notwithstanding the verdict was reinstated by repeal of Rule 81 by Order of the Supreme Court dated June 1, 1971, effective January 1, 1972. See Historical Note, following Rule 72.01 V.A.M.R. The Rule in its present form was adopted by Order of the Supreme Court of April 10, 1974, and took effect on January 1, 1975. Motions to award a repleader and to award a *venire facias de novo* are obsolete today. Hyde, *Motions after verdict to suspend or prevent final judgment,* 6 Kansas City L.Rev. 163, (April, 1938).