Benjamin CHRIST, Appellant,

v.

Ruth E. TICE, Respondent.

No. 29605.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Robert T. Steinkamp, Robert R. Bartunek, Kansas City, for appellant.

Lloyd S. Hellman, Sandler, Balkin, Hellman & Weinstein, Professional Corp., Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment on verdict for defendant in action on promissory note.

Benjamin Christ, appellant, owned 250 shares of common stock of American Hot Rod Association, Incorporated, a Missouri corporation. James E. Tice and respondent Ruth E. Tice, his wife, owned the other 250 shares of the corporation. In November, 1969, the Tices offered to buy Christ's stock. An agreement was reached for a purchase price of $250,000.00. On November 26, 1969, the parties met at an attorney's office. The Tices executed a promissory note to Christ for $250,000, payable in 10 annual installments of $25,000 commencing January 1, 1970, and on the first day of each calendar year thereafter until January 1, 1980 (sic). The note called for interest at 8% per year and for reasonable attorney's fees of not less than 10% if resort to judicial proceedings was required to collect the note.

The $25,000 payments due January 1, 1970 through January 1, 1973 were made. $6,500 was paid on the January 1, 1974 payment. No further payments were made on the note. At some point, James E. Tice became bankrupt.

Christ filed suit on the note against Ms. Tice. At the time of trial, April 4, 1977, he testified that principal and interest were then due in the amount of $275,793.40.

Ms. Tice admitted execution of the note and did not question the amount claimed by appellant. Her defense was based on an oral agreement by Christ at the time of the sale of the stock that he would keep the four or five drag race tracks operated by him in the AHRA. The sources of income for the AHRA were fees for the "sanctioning" of events held at drag race tracks and commissions on insurance provided such operations. According to Ms. Tice, at the time that the sale was completed, her husband asked Christ to stay, "that we would need his racetracks." According to Ms. Tice, Christ said " * * * he understood we needed him and his tracks, and that he would stay with us, he wouldn't leave us."

Shortly after the sale, Christ formed his own sanctioning body and removed his tracks from AHRA sanction and participation.

The respondent's defense was submitted by the following instruction:

"Your verdict must be for [Respondent] on [Appellant's] claim on the note if you believe:

"First, [Appellant] agreed to continue to sanction race tracks under his control with American Hot Rod Association, Incorporated as a material part of the consideration to be received by [Respondent], and

"Second, [Respondent] relied upon [Appellant's] agreement when she signed the promissory note of November 26, 1969, and

"Third, [Appellant] did not continue to sanction race tracks under his control with American Hot Rod Association, Incorporated."

The jury returned a verdict for defendant on plaintiff's claim.

In this court, the primary contention of appellant is that the judgment of the trial court should be reversed and judgment entered in his favor for the amount sued for because his claim is based upon a written instrument, execution of which was admitted by respondent, and there is a "complete absence of probative facts" to support any defense by respondent to the claim.

■ This appeal presents problems because of the appellant's approach to the issues attempted to be presented. According to the brief, appellant is asking this court to reverse the judgment below and enter damages for him under Rule 84.14. Rule 84.14 does authorize an appellate court to " * * * give such judgment as the court ought to give." However, this rule is merely a summary of the alternatives available to the appellate court upon completion of its review of a case under applicable rules and does not provide a separate manner of review.

■ Review is still of claimed errors on the part of the trial court which, with some exceptions, (Rule 78.07) requires that the

matters reviewed have been presented to the trial court. Rule 84.13(a). Rule 84.-04(d) requires the appellant's points relied upon in his brief to state briefly and concisely the "rulings of the court * * * sought to be reviewed * * *." As respondent's motion to dismiss the appeal for failure of appellant's brief to comply with Rule 84.04 points out, appellant's brief, at least in its first eight points, specifies no ruling on the part of the trial court which appellant claims to have been erroneous. The points merely recite: "The judgment of the trial court should be reversed and judgment should be entered in appellant's favor * * * because," etc. Inasmuch as two points in appellant's brief do allege wherein and why the trial court erred, the respondent's motion to dismiss the appeal is overruled.

The substance of the first seven points of the appellant's brief is that he was entitled to a directed verdict in his favor in the trial court because the evidence relied upon by respondent was not sufficient as a matter of law to establish a defense to appellant's claim based upon a written instrument, which respondent admittedly executed and admitted the amount claimed due.

Such a claim could have been presented to the trial court by way of a motion for directed verdict. Rule 72.01(a). However, the transcript here shows only that at the close of the defendant's evidence, plaintiff moved for a directed verdict on the defendant's counterclaims. (Defendant dismissed one count of her counterclaim before the case was submitted to the jury. The jury found against her on the other count and no appeal was taken from that judgment.) The transcript shows the following entry at the conclusion of plaintiff's rebuttal testimony: "Plaintiff entered an oral motion for a directed verdict on plaintiff's claim for damages, and said motion is, by the court, overruled." The content of the motion nowhere appears.

Following the return of the verdict plaintiff filed a motion for judgment in accordance with its motion for a directed verdict, or alternatively, for a new trial. The mo-

tion asked the verdict to be set aside "since the verdict is clearly against the weight of the evidence, and against the law under that evidence * * *." The motion prayed for judgment for plaintiff "in accordance with his motion for a directed verdict."

■ However, absent a motion for directed verdict which complies with the requirement of Rule 72.01(a) ("A motion for a directed verdict shall state the specific grounds therefor."), the postverdict motion for judgment n. o. v. is without basis and preserves nothing for appellate review. *Milner v. Texas Discount Gas Co.*, 559 S.W.2d 547, 550[1, 2] (Mo.App.1977).

■ Therefore, it must be concluded that appellant's Points I through VII are not properly before this court because the matters therein argued were not properly presented to the trial court. Point VIII requests a new trial on essentially the same basis. However, the motion for new trial in this respect alleged only that the verdict and judgment " * * * are against the weight of the evidence and against the law under that evidence * * *." Such an assignment of error preserves nothing for appellate review. *Treon v. City of Hamilton*, 363 S.W.2d 704, 708[6] (Mo.1963).

Turning to the alleged trial errors assigned in appellant's brief, he first challenges respondent's instruction, above quoted, on the grounds that it " * * * had no legal basis in substantive law, and was not based on the Missouri Approved Instructions even though an appropriate MAI Instruction was available." In his motion for new trial, the complaint voiced against the instruction was that it "improperly instructed the jury to find for defendant under circumstances which do not support such a finding * * *."

■ The assignment of error based upon MAI was obviously not included in appellant's motion for new trial. In any event, the claim of error in that regard is without merit, being based as it is on the premise that respondent was obliged to submit her instruction in the form of MAI No. 33.13 for a converse instruction. The instruction offered by respondent was for an affirmative defense and could not have been presented as a converse of plaintiff's verdict-directing instruction.

The instruction submitted the respondent's pleaded defense of failure of consideration. That is a defense recognized in law. Restatement of Contracts, § 274, pp. 399–402 (1932). The appellant questions whether or not the breach here claimed by respondent was of "a vital provision going to the very substance or root of the contract * * *" (*McCullough v. Newton*, 348 S.W.2d 138, 142[4–6] (Mo.1961)). However, the instruction did submit that appellant's alleged agreement was a "material part of the consideration to be received" so that it will not be held inadequate as a matter of law in that regard. Inasmuch as the attack is upon the instruction as a matter of law, the attempt to demonstrate that the evidence did not support the submission is beyond the scope of the point stated and will not be considered.

■ In this connection, it should be noted that at no time in the trial court, insofar as appears from the transcript, did the appellant raise the question of the effect of the parol evidence rule upon the defense there offered. Appellant's original brief in this court contained no reference to that question. His reply brief does attempt to raise the question, relying upon the rule stated in *Commerce Trust Co. v. Watts*, 360 Mo. 971, 231 S.W.2d 817, 820[6, 7] (1950), to the effect that the parol evidence rule is a rule of substantive law which requires that where the rule is applicable, evidence which violates the rule be ignored even though it was received without objection. However, although the rule is substantive, reliance upon the rule must be made known at some proper stage by the party relying upon it. The rule is well established that a complaint first advanced in a reply brief is not properly presented and will not be considered. *Page v. Metropolitan St. Louis Sewer District*, 377 S.W.2d 348, 354[9] (Mo.1964).

Appellant assigns as error the trial court's overruling his objections to ques-

tions asked appellant on cross-examination and respondent on direct examination concerning the consideration which he paid for his shares of stock in AHRA when that corporation was formed.

On the cross-examination of appellant, he was asked what he paid the corporation for his shares. There was no objection to the question and appellant replied that he and the Tices paid an equal amount but he had forgotten what he paid. A following question concerning a $10,000 loan by appellant to the corporation was the subject of an objection on the grounds of relevancy. The objection was overruled and appellant testified that he loaned Tice personally $10,000 in 1967 and that the amount was repaid. Appellant does not show how any of these matters were prejudicial, even if they were irrelevant.

In the examination of Ms. Tice, she was asked what "comments" appellant made at the time of incorporation of AHRA as to his function with the corporation. Again an objection on the ground of relevancy was overruled. After several intervening questions and answers, Ms. Tice was asked: "Did Mr. Christ have any investment for his fifty percent of American Hot Rod Association?" There was no objection and she replied negatively.

■ Appellant argues that the evidence pertaining to what he paid for his stock was prejudicial because "[t]he testimony could only have been intended to convince the jury that Appellant had a history of not satisfying his obligations to Respondent, * * * ." However, there was no objection to the question directly asked either appellant or respondent about what appellant paid for his stock so error on the basis of admission of evidence in that regard cannot be asserted. If, by this claim of error, appellant is including testimony that appellant was to come up with a $100,000 "capital reserve" for the corporation and failed to do so, such evidence was, when offered, relevant in view of the then still pending count of respondent's counterclaim which alleged that appellant had failed to

perform the "financial functions" he had agreed to provide AHRA.

Judgment affirmed.

All concur.