William KELLER, Plaintiff-Appellant,

v.

ANDERSON MOTOR SERVICE, INC., a Corporation, Defendant-Respondent.

No. 44262.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 10, 1983.

Anthony J. Coultas, St. Louis, for plaintiff-appellant.

Geoffrey Farrow, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the action of the trial court in sustaining defendant's motion for new trial in a personal injury case in which a verdict of $100,000 was returned in plaintiff's favor. We affirm.

The evidence supported a finding that a truck operated by Gerald Manley struck the pickup truck operated by plaintiff at an intersection and that Manley had violated the electric signal at the intersection. Defendant asserts that it was entitled to a directed verdict because of the absence of evidence that Manley was its agent in the operation of the truck. This contention was not specifically raised in the motions for directed verdict as required by Rule 72.01(a) and has not therefore been preserved for appellate review. *Christ v. Tice,* 578 S.W.2d 319 (Mo.App.1979) [3].

Plaintiff allegedly sustained injury to his neck, back and left elbow. Defendant asserts that plaintiff failed to establish that the injuries were proximately caused by the accident and that therefore it was entitled to a directed verdict on that ground. We will discuss the elbow injury more fully later. For present purposes, it is sufficient to say that plaintiff adduced evidence that he sustained injury at least to his neck, either original or as aggravation of preexisting arthritis. *See, Miller v. Gulf, Mobile, and Ohio R.R. Co.,* 386 S.W.2d 97 (Mo.1964) [8–10]; *Simon v. S.S. Kresge Co.,* 103 S.W.2d 523 (Mo.App.1937) [5]. We find no merit to defendant's claims that it was entitled to judgment as a matter of law.

We turn to plaintiff's contention that the trial court erred in sustaining defendant's motion for new trial. The court's action was based upon the admission into evidence of a hypothetical question to plaintiff's treating surgeon and the doctor's answer. The doctor did not testify at trial and the question and answer were read from his deposition taken one week before trial. Some background must be set forth. The treating surgeon excised the olecranon bursa from defendant's left elbow several months after the accident. In deposition he testified that the history given by the patient indicated no prior difficulties with the elbow. The undisputed evidence from plaintiff and from his regular physician was that in the two months preceding the acci-

dent plaintiff's left elbow had been aspirated twice for bursitis. The hypothetical question concerning causation for plaintiff's bursitis omitted these two prior treatments.[1] Defendant objected to the question at deposition on the general grounds that it omitted material facts. With the hypothesis that plaintiff had no prior elbow problems prior to the accident the doctor opined that the bursitis was caused by the accident. On cross-examination the surgeon was asked a hypothetical question on causation which included the omitted facts of prior aspirations. The answer to that question negated the accident as the cause of the bursitis. At trial defendant objected specifically to the question and answer elicited on direct examination. The trial court overruled the objection on the basis that Rule 57.07(d)(3)(B) required a specific objection at deposition. The cross-examination testimony was also admitted. On motion for a new trial the court concluded it had erroneously admitted the question and answer elicited on direct examination.

■ The trial court's action on the motion for new trial was correct for at least three reasons. First, the answer on cross-examination completely vitiated the answer on direct in view of the admitted existence of the two prior treatments. The original answer was of no probative value and should not have been admitted. Secondly, the two prior treatments were clearly material to the question of causation and their omission robbed the hypothetical of any relevancy. The question as posed did not pertain to the case on trial. *Gavan v. H.D. Tousley Company,* 395 S.W.2d 266 (Mo.App. 1965) [3–9].

■ Finally, the objection was "seasonably" made during the taking of the deposition within the meaning of Rule 57.07. It should be noted that the requirements of specificity of objection at trial and at deposition serve two different functions. At trial the objection must be specific in order that the court and opposing counsel may be advised of the challenge to the evidence. This gives counsel a basis for responding to the objection and the court an opportunity to consider such challenge in determining the admissibility of the evidence. The specifics of the objection must be made at the time the evidence is offered if these purposes are to be served. *Fowler v. Daniel,* 622 S.W.2d 232 (Mo.App.1981) [3–5]. The requirement of objection at deposition applies to those objections which raise errors that can be "obviated, removed, or cured if promptly presented." Rule 57.07(d)(3)(B). It serves to give questioning counsel an opportunity to rephrase the question, to lay a better foundation, or to clarify the question, so that at trial the evidence will not be rejected because of inadvertent omissions or careless questioning. The important feature of objection at deposition is that the matter be "seasonably" called to the attention of questioning counsel so that he can avoid the results of his inadvertence or carelessness. Here the facts were not omitted out of inadvertence or carelessness but because under plaintiff's "theory" they were not material and did not need to be included. Additionally, plaintiff was fully informed during the cross-examination what those facts were. He had full opportunity to question the surgeon on causation after the cross-examination and to supply the missing material facts to his hypothetical question. He elected not to, gambling, apparently, that his "theory" would be accepted by the trial court. It was not and properly so. Plaintiff has no complaint. Order granting new trial is affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.

---

1. In a bench conference plaintiff's attorney asserted that plaintiff's theory was that the bursitis had cleared up prior to the accident and therefore the prior treatments were not material facts. There was no evidence of the medical training of either plaintiff or his attorney.