The UNITED STATES of America, Claimant-Plaintiff-Respondent,

v.

ESTATE OF Thomas G. WEIDEMANN, Deceased, Defendant-Appellant.

No. 49928.

Missouri Court of Appeals, Eastern District, Division Three.

March 25, 1986.

---

William Randolph Weber, St. Charles, for defendant-appellant.

Henry Jacob Fredericks, St. Louis, Mary Ravers Clark, Atty. Tax Divn., Department of Justice, Washington, D.C., for claimant-plaintiff-respondent.

KAROHL, Presiding Judge.

The estate of Thomas G. Weidemann, appeals an order of the probate court allowing a claim of the United States, respondent, for unpaid Federal Insurance Contribution Act (FICA) and federal unemployment taxes in accordance with certificates of assessments and tax returns prepared by the government. The judgment was for the amount of taxes claimed, including accrued interest, and interest on the claim at a rate specified in 26 U.S.C. § 6621. The decisive issue is whether the assessments and tax returns were properly admitted over timely objection.

The facts are not in dispute. Briefly summarized, Thomas G. Weidemann operated a business known as (d/b/a) Art Frame Wholesale. He died on March 28, 1983, and his estate was opened in the probate court of St. Charles County, Missouri. He failed to file tax returns for withholding taxes including income and FICA on Form 941 for the last three quarters of 1980, and the first quarter of 1981. He also failed to file federal unemployment tax returns for the years 1980 and 1981, on Form 940. All of the tax periods expired and all of the tax returns were due before Mr. Weidemann died.

Because the applicable tax returns were not filed, Roy Swain, formerly employed by the Internal Revenue Service as a Revenue Officer, obtained information from the Missouri Division of Employment Security, and prepared the assessments and tax returns. § 6020(b) Internal Revenue Code.

The government offered the assessments and tax returns under seal. Appellant objected on grounds of lack of foundation and hearsay. The court admitted the documents under § 490.220 RSMo 1978 which provides that all records and exemplifications of office records, kept in any public office of the United States, shall be evidence in this state, if attested by the keeper of said record or books, and the seal of his office, if there be a seal.

Roy Swain testified for the government. He prepared the assessments and tax returns. At the time of the hearing on the claim, he was no longer employed by the Internal Revenue Service. The court overruled objections to Mr. Swain's testimony on the ground that he was incompetent to testify under the Dead Man's Statute, § 491.010 RSMo Cum.Supp.1984. The appellant estate attempted to impeach Mr. Swain's testimony by showing that the assessments for each separate tax period were identical. The inference is that they were estimations, not based on actual wage information, were not substantial proof of taxes due and owing.

We find that the court properly admitted the assessments and tax returns under seal on the authority of § 490.220 RSMo 1978. There is no contention that the records offered were not those of claimant nor that the seal was defective. Accordingly, the assessments and tax returns accord with the proof authorized by § 490.220 RSMo 1978. *State v. Brown*, 476 S.W.2d 519, 523 (Mo.1972). Objections on the ground of lack of foundation and hearsay are not applicable to records admitted under this section. These objections are based on rules of evidence adopted to insure reliability and probability of evidence offered under the Business Records Exception to the hearsay rule. *See* Fed.R. Evid. 902(1), and *Chesapeake and Delaware Canal Co. v. United States*, 250 U.S. 123, 128–129, 39 S.Ct. 407, 408–409, 63 L.Ed. 889 (1919).

The law is well established that such assessments are presumptively correct and the burden is on the taxpayer to overcome this presumption with countervailing proof. *United States v. Strebler*, 313 F.2d 402, 403–404 (8th Cir.1963), and cases cited therein. The admission of this evidence did not foreclose a defense in the form of an attack on the returns. It merely shifted the burden to the taxpayer to prove the assessments were based on incorrect, faulty and unreliable information or to present evidence to prove the correct tax liability. *United States v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d 1046 (1976); *Strebler*, 313 F.2d at 403–404. Absent countervailing evidence, a presumption of correctness attaches to the assessment. *Janis*, 428 U.S. at 440, 96 S.Ct. at 3025.

There is no inherent unfairness in the result because the taxpayer possesses the true facts in its own records. It could have prepared accurate returns to demonstrate the actual tax liability, but failed to do so. As a result, the government's prima facie proof was before the trial court as the trier of fact and the credibility or probative value of the assessment was unchallenged by evidence. *See Paschal v. Blieden*, 127 F.2d 398, 401 (8th Cir.1942). The court was free to discount the unsupported argument that the identical tax for various tax periods confirmed the estate's position that the assessments were arbitrary, and the proof not substantial.

Appellant's objection that Mr. Swain was incompetent to testify under the Dead Man's Statute was properly overruled. Mr. Swain is not a party to the cause of action nor does he have a legal interest in the outcome. § 491.010 RSMo Cum.Supp.1984; *Hunter v. Norton*, 412 S.W.2d 163, 165 (Mo.1967); *Ortmeyer v. Bruemmer*, 680 S.W.2d 384, 390 (Mo.App.1984).

We find no error of fact or law. The judgment of the trial court is affirmed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

SIMON and GARY M. GAERTNER, JJ., concur.