Anita L. BRIGGS, et al., Appellants,

v.

Kenneth Kamau KING, Respondent.

WD 37272.

Missouri Court of Appeals,
Western District.

June 17, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 24, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Arthur A. Benson, II, and Martin D. Zehr, Kansas City, for appellants.

Basil L. North, Jr., Kansas City, for respondent.

Before PRITCHARD, P.J., SHANGLER, J., and NORMILE, Special Judge.

PRITCHARD, Judge.

This is a legal negligence case arising out of defendant's alleged failure to file a wrongful death action within the one-year statute of limitations applicable at the time.

On March 4, 1975, Napoleon Briggs died at Menorah Hospital in Kansas City as the

result of alleged medical negligence of treating doctors in failing to correctly interpret an abnormal E.K.G. record and diagnose decedent's cardiac condition, and in Menorah Hospital's alleged negligence in failing to provide customary care and treatment, all as contained in a petition filed by defendant on March 3, 1977. That petition was dismissed upon the ground that it was barred by the then applicable statute of limitations of one year after a death for bringing wrongful death actions, § 537.080, RSMo 1969. The dismissal, along with an attempted amendment, held not to relate back, was affirmed in *Briggs v. Cohen*, 603 S.W.2d 20 (Mo.App.1980).

A few months after decedent's death, Anita L. Briggs consulted Legal Aid of Western Missouri, and was referred by it to defendant whom she contacted on August 26, 1975. Mrs. Briggs then paid defendant $150 to initiate an investigation as to an action for wrongful death, and on October 27, 1975, she signed authorizations for him to obtain all relevant medical records. Defendant did undertake steps necessary to procure the medical records, and for expert interpretation of decedent's E.K.G. record. On July 8, 1976, at defendant's request, Mrs. Briggs went to his office and signed a formal contract, on a contingent fee basis, for his attorney services. At that time the applicable statute of limitations for a wrongful death action for her and her children had already expired. Defendant erroneously believed that the two year statute of limitations applied, and filed a petition on March 3, 1977 for wrongful death against the treating doctor and Menorah Hospital which resulted in the dismissal, referred to above, because of the running of the one-year statute of limitations.

On January 7, 1981, Anita Briggs, as the sole named plaintiff, filed the instant legal negligence action against defendant for failure to file the wrongful death action before the statute of limitations ran. Then, on April 21, 1984, Anita filed a motion for an order joining, or in the alternative, substituting her three minor children as parties plaintiff in the legal negligence action, which motion was sustained, and she was granted leave to file her second amended petition substituting her minor children as parties plaintiff. Defendant's motion for summary judgment was overruled, and the case went to trial to a jury on the second amended petition, which resulted in a verdict against defendant on January 16, 1985, for $125,000 actual and $75,000 punitive damages. Thereafter, the trial court took up defendant's motion for judgment N.O.V. filed under Rule 72.01(b), and sustained it on April 29, 1985 without stating any ground therefor. Plaintiffs thereafter obtained a special order for appeal out of time by this court.

One matter raised by defendant in Point IV of his brief is that the trial court did not err in granting his motion for judgment N.O.V. because the court incorrectly allowed the substitution of the (minor) plaintiffs. It is argued, in part, that the motion for summary judgment adequately demonstrated that plaintiff Anita L. Briggs' marriage to the deceased (Napoleon Briggs) was void and she failed to qualify as a member of any of the classes entitled to sue for his wrongful death, and therefore, it appears to be argued, she was not an injured person entitled to sue for the legal negligence of defendant, as she originally did alone. Defendant argues further that Anita's children did not have a cause of action identical to hers because she never had a cause of action, and therefore there was nothing to which the order for the substituted children could relate back.

█ The trouble with defendant's argument is that his motion for summary judgment upon the ground that Anita was never the deceased's lawful wife or widow was overruled by the trial court. At the close of all the evidence, defendant filed his motion for directed verdict, which was overruled. The case was then submitted to the jury. Rule 72.01(a) requires that "A motion for a directed verdict shall state the specific grounds therefor." Defendant never did present in his motion for directed verdict any issue as to Anita's status as the

wife or widow of deceased so as to renew the allegation in the motion for summary judgment. Thus, there was simply nothing before the trial court on the matter, and nothing is preserved for review in this court. See *Christ v. Tice*, 578 S.W.2d 319 (Mo.App.1979), where the plaintiff entered an oral motion for directed verdict, the content of the motion nowhere appearing, it being overruled. At page 322[3], the court said, "However, absent a motion for directed verdict which complies with the requirement of Rule 72.01(a) ('A motion for directed verdict shall state the specific grounds therefor.'), the postverdict motion for judgment n.o.v. is without basis and preserves nothing for appellate review. *Milner v. Texas Discount Gas Co.*, 559 S.W.2d 547, 550[1, 2] (Mo.App.1977)." See also *Brandhorst v. Carondelet Savings & Loan Ass'n*, 625 S.W.2d 696, 698[2] (Mo. App.1981); *Keller v. Anderson Motor Service, Inc.*, 652 S.W.2d 735, 736 (Mo.App. 1983), where defendant (who was granted a new trial) contended that he was entitled to a directed verdict on an issue of agency, which was not specifically raised in the motion for directed verdict and was not therefore preserved for review; *McRaven v. F-Stop Photo Labs, Inc.*, 660 S.W.2d 459, 460[1–3] (Mo.App.1983); and compare *Lee v. Terminal Railroad Ass'n*, 669 S.W.2d 564, 566[3] (Mo.App.1984).

■ In paragraphs II and III of defendant's motion for judgment N.O.V., it is contended that there was no factual or legal basis for punitive damages, and that an award of damages beyond actual pecuniary loss in a *wrongful death* case requires some evidence of aggravated conduct. Note that this is a legal negligence case, not a wrongful death case. But in any event, the motion for directed verdict does not specifically allege the insufficiency of the evidence to submit punitive damages, and thus, again, there was no basis for the trial court to consider the matter, nor is it preserved for review. *Milner*, supra, and other cases cited.

■ There was no issue raised in the motion for directed verdict as to the trial court's allowing the minor plaintiffs to be added or substituted as parties, and nothing is even mentioned in the motion for judgment N.O.V. on that subject. Thus, like the above matters, there was no basis for the trial court's consideration of the issue, and it is not preserved for review. But even if the matter of substitution of the minor plaintiffs, and the claim asserted *only* in the motion for judgment N.O.V. that the statute of limitations had run against the plaintiffs at the time they were added or substituted as parties, were properly presented to the trial court and presented for review, those issues would not avail as a basis to enter a judgment N.O.V. against the minor plaintiffs. First, Rule 52.06 provides that " * * * Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *." Second, at the time of the death of their father, Napoleon Briggs, on March 4, 1975, the substituted plaintiffs, his daughters, were of these ages: Marvirstine, 20 months; Gwendolyn, 4 years and 8 months; Tonita, 6 years and 8 months. The cause of action arose in this legal negligence case (for failure to file the wrongful death action timely) on December 8, 1978, when the petition for wrongful death was dismissed. At that time the children would have been, respectively, about 4 years and 4 months, 7 years and 5 months, and 9 years and 5 months of age. This action is not governed by a special statute of limitations such as one for wrongful death, or medical malpractice, but it is one for the tort of legal negligence. The limitation period for bringing that action is set forth in § 516.120(4), RSMo 1978, at five years. Section 516.170, RSMo (amended by L.1976, p. 767, § 1; L.1983, p. 900, S.B.Nos. 44 & 45, § 1.) provides: "Except as provided in section 516.105 [medical malpractice], if any person entitled to bring an action in sections 516.-100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, or imprisoned on a criminal charge, or in execution under a sentence of

a criminal court for a less term than for his natural life, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed." [Brackets added.] At the time of substitution of the minor plaintiffs on May 18, 1984, they had not reached the age of majority plus five years within which, at the latest, they could file their action for legal negligence. The running of the five year limitation period was clearly in the tolling process under § 516.170, supra, and consequently there was no error in allowing the substitution, which was done under the motion of Anita Briggs as next friend. See *Nelson v. Browning*, 391 S.W.2d 881, 884[1, 2] (Mo. 1965), construing § 516.170, as allowing plaintiff, a minor at the time her husband was alleged to have been negligently injured, to bring her action within five years after she attained her majority.

Because there was nothing before the trial court as to substitution of parties, punitive damages, or the marital status of Anita Briggs, plus the fact that the minor plaintiffs had until majority plus five years to sue, the trial court was without authority to render judgment N.O.V. on any of those grounds, if they were employed by it in making its decision.

Defendant properly presented one issue in his motion for directed verdict and in his motion for judgment N.O.V.: "1. Plaintiff has failed to allege or prove any breach of required standards of care by treating physicians or any acts of negligence by treating physicians or hospitals which would have allowed plaintiff to be successful in the prosecution of her wrongful death action. Plaintiff's petition and proof are thereby fatally defective for lack of adequate proof of proximate causation." This allegation is not contained in any numbered paragraph as a ground for granting the motion for judgment N.O.V., but it is argued in the suggestions in support of the motion.

Plaintiffs, in their Point III, say that they could not be required twice to prove damages in the underlying wrongful death action in that they are legally entitled to rely on defendant's admissions, and therefore they did not need to introduce expert medical testimony on the issue of actual damages where defendant's admissions laid a sufficient foundation for the award of actual damages in the underlying cause of action for wrongful death. The requests for admissions, below set forth, do not cover the matter of pecuniary damages or loss.

These requests for admissions were filed and defendant did not answer or deny them, and his request to withdraw any admissions was denied:

"2. Drs. Harry K. Cohen and Lawrence S. Cohen were negligent in their diagnosis and treatment of Napoleon Tony Briggs.

"3. The negligence of Drs. Harry K. Cohen and Lawrence S. Cohen proximately caused the death of Napoleon Tony Briggs.

"6. Menorah Medical Center, through its employees, breached the standard of care customarily expected to be rendered to patients presenting the medical problems presented by Napoleon Tony Briggs and thereby proximately caused his death."

Rule 59.01(b) as to the effect of admission, is: "Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment to the admission." The matter of the conclusiveness of the matters in the request for admission, which is deemed admitted, is ruled in *Linde v. Kilbourne*, 543 S.W.2d 543 (Mo.App.1976), and cases and authorities cited. It is specifically said at page 547[7–9], "It is also the sense of our decisions that an element of the burden of proof—or even the ultimate issue—may be required for admission under the rule. And the admission of these matters may not be avoided because the request calls for application of the facts to the law, or the truth of the ultimate issue, or opinion or conclusion, so long as the opinion called for is not on abstract propositions of law. It is the concession of the issue—otherwise determinable by the trier of fact—which

comes into evidence, not the assumptions of the party who makes the admission. [Bracketed references to cited cases omitted]." Although the cases cited by defendant, *Roehl v. Ralph,* 84 S.W.2d 405 (Mo. App.1935); and *Johnson v. Haskins,* 119 S.W.2d 235 (Mo.1938), hold that plaintiff must have had a valid claim or defense which he must prove, so that a jury would have been impelled to bring in a verdict in his favor or to have awarded substantial damages, the jury here had, considering the binding admissions of negligence and proximate cause of death in the underlying wrongful death case, facts which would establish that cause of action, and damages, as hereinafter set forth. It was not necessary, under the Linde case, for plaintiffs to have produced expert evidence on the issues of negligence and proximate cause, as defendant contends.

■ Mr. David Stallings, a C.P.A., using information about deceased's salary and subsequent increases thereof from the date of his death through 1984, computed the present value of his future earnings to an age of 65, to be $488,248.00. There was also evidence of the deceased's participation in the care and nurture of the minor plaintiffs. Pecuniary loss and other damages were established, and it is not contended that the jury's verdict exceeded those damages. Defendant's contention that there was no proof of actual damages is overruled.

The judgment is reversed and the case is remanded with directions to reinstate the verdict of the jury and to reenter judgment thereon.

All concur.