Larry HEFELE, Plaintiff–Respondent,

v.

NATIONAL SUPER MARKETS, INC., Defendant–Appellant.

No. 52716.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1988.

Application to Transfer Denied May 17, 1988.

Arthur H. Nissenbaum, St. Louis, for defendant-appellant.

Eugene H. Fahrenkrog, St. Louis, for plaintiff-respondent.

DOWD, Judge.

National Super Markets appeals from the judgment of the trial court entered on a jury verdict assessing appellant to be 70% at fault and awarding respondent delivery-man $49,000.00 in damages arising out of a slip and fall incident in which respondent was injured.

The evidence was that respondent deliveryman repeatedly crossed over an ice covered sidewalk located near the entrance way of appellant National Super Market's store (hereinafter National) while making deliveries at the store. Respondent initial-

ly attempted to make his deliveries via National's loading dock but was denied access at that entrance. Thereafter, respondent parked his truck in a handicapped parking zone near the front entrance of the store but was instructed by the store manager to move his truck to the curb in front of the store.

The sidewalk leading to the store had been cleared of snow but an icy patch existed on that part of the sidewalk adjacent to where respondent had parked his truck. Respondent admitted he had knowledge of the ice but continued to cross the icy patch while making his deliveries. During one of his trips across the ice respondent slipped and fell sustaining injury.

The jury assessed damages at $70,000.00 and determined National was 70% at fault and respondent was 30% at fault. The jury then awarded respondent $49,000.00. The trial court entered judgment thereon and National appeals.

■ First, National contends the trial court erred in failing to sustain appellant's motion for directed verdict and motion for judgment notwithstanding the verdict as respondent failed to make a submissible case as to the duty element of a negligence action. National contends the icy condition was an "open and obvious" danger and that respondent did not establish a breach of duty to render the issues of comparative fault applicable.

Prior to the adoption of comparative fault the general rule as to business invitees was that an occupier owed no duty to an invitee to warn of "open and obvious" dangers. *Harbourn v. Katz Drug Co.*, 318 S.W.2d 226, 229 (Mo.1958). In *Cox v. J.C. Penney Co.*, 741 S.W.2d 28 (Mo. banc 1987), our Supreme Court definitively resolved the issue of whether, following the adoption of comparative fault, the knowledge of an invitee is considered in determining the duty of the occupier or whether that knowledge is considered only in determining the invitee's comparative negligence. There the court held comparative fault "modifies the common law relationship between business invitors and their invitees." *Id.* at 30.

The pre-comparative fault bar, based on lack of duty where a plaintiff fails to exercise ordinary care in discerning an obvious danger, is a form of contributory negligence and is eliminated under the comparative fault system. *Id.* Under comparative fault the jury is allowed to assess defendant's fault for failure to maintain the premises in a reasonably safe condition and plaintiff's fault in failing to use ordinary care in discovering an obvious danger. National's first point is denied.

■ National contends in its second point that the trial court erred in failing to sustain National's motions for directed verdict and judgment notwithstanding the verdict on grounds respondent failed to make a submissible case in that respondent failed to prove the icy condition was an unnatural accumulation or a condition altered in some way by National. National has not preserved this issue for appellate review.

The issue of the duty of an abutting property owner as to natural accumulations of ice and snow was raised for the first time in National's motion for judgment notwithstanding the verdict. This ground was not specifically raised either orally or in National's written motions for directed verdict.

Rule 72.01(a) requires that a directed verdict "state the specific grounds therefor." "[A]bsent a motion for directed verdict which complies with the requirement of Rule 72.01(a) ... the postverdict motion for judgment n.o.v. is without basis and preserves nothing for appellate review." *Christ v. Tice*, 578 S.W.2d 319, 322 (Mo. App.1979); *Keller v. Anderson Motor Service*, 652 S.W.2d 735, 736 (Mo.App.1983). Point denied.

■ In its third point National contends the trial court erred in submitting Instruction No. 6 to the jury. Instruction No. 6, patterned after MAI 22.04, is the verdict directing instruction for sidewalk defects. National contends MAI 22.03, the verdict directing instruction for "Invitee Injured," should have been given instead of MAI 22.04 because MAI 22.04 fails to instruct the jury on "known and obvious" danger. National further contends that MAI 22.04

is applicable where an abutting landowner alters a sidewalk for its own special purposes and that respondent failed to prove National was such a landowner.

*Cox v. J.C. Penney Co., supra,* is dispositive of National's contention that MAI 22.-03 should have been given instead of MAI 22.04 because MAI 22.04 fails to instruct on "known and obvious" danger. The two instructions are virtually identical except for the added paragraph in MAI 22.03 requiring the jury to find "plaintiff did not know and by using ordinary care could not have known of the [dangerous] condition." This paragraph is not included in MAI 22.-04. In *Cox, supra,* our Supreme Court concluded the "known or obvious danger" paragraph of MAI 22.03 is not compatible with comparative fault. We thus find no error in the giving of MAI 22.04.

■ As to National's contention that the instruction was erroneously given because respondent failed to prove National was an abutting landowner that altered the sidewalk for its own use, National has failed to preserve this issue for appellate review. National failed to specifically raise this contention at trial or in its motion for new trial and thus has waived any claim of error on this ground. Rule 78.07; *St. John Bank & Trust Co. v. City of St. John,* 679 S.W.2d 399, 404 (Mo.App.1984).

In National's fourth point it contends the trial court erred in overruling National's objection to respondent's testimony regarding salt being placed on the ice by National's employee. National contends the evidence was inadmissible as a subsequent repair.

■ Precautionary measures taken after an accident are not ordinarily admissible to show antecedent negligence. *Diversified Metals Corp. v. Aaron Ferer & Sons, Inc.,* 498 S.W.2d 783, 785 (Mo.1973). Such evidence may be admissible, however, for other purposes such as to show the condition of the accident site at the time of the fall. *Robinson v. Safeway Stores,* 655 S.W.2d 617, 620 (Mo.App.1983).

■ National called two witnesses to testify in its defense, the assistant and associate managers of the store. It was their cumulative testimony that it was part of the grocery baggers' duties to regularly inspect the sidewalk for ice or snow and to clear and salt the walk as needed. Further they testified it was the store's policy to fill out an accident report when an accident or injury was reported and neither manager recalled the incident in which respondent was injured or ever filling out an accident report.

Through this evidence National disputed both the icy condition of the accident site and that the incident ever occurred. Notwithstanding National's alternate defense of "known or obvious" danger, the evidence that salt was brought to the accident site was admissible as evidence of the condition of the accident site at the time of the fall. Point denied.

■ In its fifth point National contends the trial court erred in sustaining respondent's objection to National's offer into evidence of a weather report for March 8, 1984, the date of the accident. We agree that the document was admissible but conclude the error did not materially affect the merits of the action to require reversal.

The document in question is a photostatic copy of local climatological data for the month of March 1984 published by the National Oceanic and Atmospheric Administration. Section 490.220, RSMo 1986 governs the admissibility of office records of the United States and provides:

> All records and exemplifications of office books, kept in any public office of the United States, or of a sister state, not appertaining to a court, shall be evidence in this state, if attested by the keeper of said record or books, and the seal of his office, if there be a seal.

"Objections on the ground of lack of foundation and hearsay are not applicable to records admitted under this section." *United States v. Estate of Weidemann,* 708 S.W.2d 735, 737 (Mo.App.1986).

The document at issue contains the seal of the United States Department of Commerce. It is attested by the Acting Director of the National Climatic Data Center to be an official publication of the National Oceanic and Atmospheric Administration and is compiled from records on file at the

National Climatic Data Center. The tendered document complies with the requirements set forth in § 490.220 and should have been admitted.

In any event, we fail to see how exclusion of the document materially affected the merits of the case. We do not reverse a judgment by the trial court unless the error committed materially affected the merits of the action. Rule 84.13(b); *Rowe v. Moss*, 656 S.W.2d 318, 322 (Mo.App. 1983).

National contends that failure to admit the weather report prejudiced its case in that without the report it could not prove the ice was a natural accumulation. National did not raise at trial the issue of whether it owed a duty as to natural accumulations of ice and snow. Nonetheless, in this regard the data contained in the report aids respondent's case because it indicates a decreasing amount of ground accumulation prior to the date of the accident. This supports respondent's position that National's employees piled snow on an adjacent elevated area when clearing the sidewalk and that the icy patch was caused by the freezing of water from snow that melted from the elevated area onto the sidewalk.

In addition, the accident occurred at approximately 11:00 in the morning. The weather report shows only trace amounts of precipitation after 7:00 a.m. on the date of the accident. Any evidence as to accumulations of ice and snow would have been of little significance in proving the icy patch was a natural accumulation considering the testimony of National's own witnesses that the first grocery bagger to arrive in the morning would shovel and salt the walks and ramps and thereafter all baggers would monitor the area and would shovel and salt as needed.

Moreover, the document contained data compiled at St. Louis International Airport, which is located miles from the accident site and would not necessarily reflect the surface conditions at the National store. As we conclude exclusion of the document did not materially affect the merits of the action, National's fifth point is denied.

In its sixth and seventh points National contends the trial court erred in overruling National's motions to strike two venirepersons for cause. One of the venirepersons stated he suffered from occasional back pains and might tend to be generous with damages if he found liability. He ultimately stated, however, that he could follow the court's instructions as to fault and damages. The second venireperson stated he suffered from lower back pain and had brought an action as a result of the accident in which his back was injured. At the time of trial this venireperson was also involved in an action against a restaurant concerning a slip and fall. He likewise stated he could put his personal experiences aside and be fair in his assessment of the evidence.

Broad discretion is vested in the trial court as to the qualifications of venireperson and a decision of the trial court overruling a challenge for cause will not be set aside "unless there has been a manifest invasion of a fair trial." *Johnson v. Missouri–Kansas–Texas Railroad Co.*, 374 S.W.2d 1, 3 (Mo.1963). Injuries or litigation involving the venireperson do not necessarily result in prejudice against the defendant in the case. *Moss v. Mindlin's, Inc.*, 301 S.W.2d 761, 771–72 (Mo.1956). The responses of the venirepersons must be viewed in their entirety in determining whether they expressed bias or prejudice which will prevent them from being impartial. *Id.* Where the sense of the voir dire examination is that the juror would base his verdict solely on the evidence, there is no abuse of the trial court's discretion. *Golden v. Chipman*, 536 S.W.2d 761, 765 (Mo.App.1976).

From our review of the record the sense of both venirepersons' voir dire testimony was that they could render an impartial verdict. We find no abuse of discretion. Points six and seven are denied.

The judgment of the trial court is affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.