**John ROLLS, Plaintiff/Respondent,**

v.

**ERNST & YOUNG, Defendant/Appellant.**

No. 62814.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 8, 1994.

John Thomas Archer, St. Louis, and Melanie T. Morris, Washington, DC, for defendant, appellant.

Brinker, Doyen & Kovacs, P.C., Paul E. Kovacs and Dean R. Gallego, Clayton, for plaintiff, respondent.

PER CURIAM.

John Rolls, a client of Arthur Young, now defendant Ernst & Young, (Accountants) sued his accountants seeking actual and consequential damages based on inaccurate tax advice. The court entered a judgment in accord with a jury verdict for actual and consequential damages in the amount of $310,000. We find Accountants' two claims of error were not preserved and are without merit. We affirm.

In reviewing the evidence in the light most favorable to plaintiff, we find Accountants provided professional tax planning and tax services to Rolls over a period of ten years. In August, 1986, Rolls received the proceeds

of a 401(k) retirement plan [1] from a former employer. He intended to roll over the proceeds into an IRA. [2] Rolls asked Accountants if he could beneficially use "ten-year averaging" [3] and not roll over the funds. Accountants answered in the affirmative without asking or learning whether Rolls had been a five-year employee. Rolls was not a five year employee. For that reason he was not eligible for averaging. Further, Accountants informed Rolls that by using this averaging method, his current taxes would only amount to a total of $14,000. Rolls was specifically asked what his decision would have been had Accountants correctly advised him that he could not income average. His answer, "I would have done what I had intended to do anyway, which is to roll it over." Accountants denied any conversation regarding the income averaging question ever occurred.

The distribution check from Rolls' former employer was dated July 31, 1986. Rolls had a total of 60 days within which he was required to either roll the proceeds over into a new tax-deferred retirement plan or be irrevocably committed to pay the appropriate taxes on the entire distribution check for the calendar year 1986. 26 U.S.C. § 402(c)(3). In April, 1987, Accountants notified Rolls that he did not qualify for income averaging and would owe an additional $40,000 in taxes on the 401(k) distribution.

At trial, the partner of Arthur Young with whom Rolls dealt testified there never was any conversation with Rolls regarding the 401(k) distribution. Accountants defended on the basis Rolls was wholly untruthful about the subject events. On appeal they concede liability. They claim the only damage sustained and recoverable are the additional taxes owed.

The trial court gave a damage instruction patterned on MAI 3d 4.01, including the future damage clause, without objection. The jury awarded damages in the amount of $310,000.

Accountants' first claim of error is:

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL BECAUSE FUTURE DAMAGES ARE NOT PERMITTED IN A NEGLIGENT MISREPRESENTATION CASE AND THE DAMAGES AWARDED TO ROLLS, $310,000, GREATLY EXCEEDED HIS OUT-OF-POCKET LOSSES.

Accountants' first claim of error is not preserved for appeal. Accountants have now acknowledged liability and limited the appeal to a damage issue. However, by failing to object to the damage instruction which submitted future damages defendants waived any claim of error on the issue of damages. Further, this claim was not made in defendants' motion for directed verdict. The point was not raised in the trial court and was not preserved. *Hefele v. National Super Markets, Inc.,* 748 S.W.2d 800, 802 (Mo.App. 1988). Finally, where the future damages issue was not decided by the trial court, we may not consider it. Rule 84.13(a).

Accountants' second claim of error is:

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL BECAUSE ERNEST & YOUNG'S ASSERT-

---

1. A 401(k) plan is a retirement plan whereby employees may deposit a percentage of their income, and taxes are deferred until retirement. Employers often match the amounts employees contribute.

2. An IRA, or Individual Retirement Account, is a plan whereby persons may set aside certain percentages of their income each year and deduct that amount from their taxes. The funds will be subject to taxation only upon withdrawal.

3. By using ten-year income averaging, one would calculate the tax owed on one-tenth of the distribution and use the tax rate applicable to that smaller amount. The tax amount for one-tenth of the distribution would then be multiplied by ten. The final number would reflect the tax due on the lump sum distribution. If one qualifies for ten-year averaging, the tax rate and amount of taxes paid could be lower than would occur normally. To qualify for ten-year averaging, one must be covered by a 401(k) retirement plan for at least five years.

ED NEGLIGENCE DID NOT PROXI-MATELY CAUSE THE FUTURE DAM-AGES CLAIMED BY ROLLS.

Accountants' concession of liability and concession that some damages are owed fully responds to any claim of trial court error regarding failure to direct a verdict in their favor or to grant a judgment notwithstanding the verdict. The proof of causation theory relating to damages was not presented in Accountants' motions for directed verdict, filed at the close of Rolls' evidence and at the close of all the evidence. It did not appear in the Motion for JNOV or new trial. The issue is not preserved. *Krame v. Waller*, 849 S.W.2d 236, 239 (Mo.App.E.D.1993); *Hefele v. National Super Markets, Inc.*, 748 S.W.2d 800, 802 (Mo.App.1988).

The claims of error are not preserved and not reviewable. They are not matters of plain error. We affirm.